UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

MICHAEL OLAGUE, as dependent
administrator of the estate of Arturo
Martinez Olague,

      Plaintiff,

v.

CORECIVIC, INC.,

      Defendant.

No. 6:22-CV-070-H

## SCHEDULING ORDER

### I.    Summary of Critical Deadlines and Dates

| | |
|---|---|
| Joinder of Parties (¶ 2) | April 21, 2023 |
| Amendment of Pleadings (¶ 3) | June 2, 2023 |
| Initial Expert Designation & Report (¶ 5(a)) | October 6, 2023 |
| Responsive Expert Designation & Report (¶ 5(b)) | November 3, 2023 |
| Rebuttal Expert Designation (¶ 5(c)) | See ¶ 5(c) |
| Completion of Discovery (¶ 6) | December 15, 2023 |
| Expert Objections (¶ 5(d)) | January 12, 2024 |
| Dispositive Motions (¶ 4) | January 12, 2024 |
| Pretrial Disclosures and Objections (¶ 7) | August 19, 2024 |
| Pretrial Materials (¶ 8) | See ¶ 8 |
| Exchange of Exhibits (¶ 8(c)) | August 26, 2024 |
| Pretrial Conference (¶ 10) | To be set if necessary. |
| Trial Date (¶ 1) | September 9, 2024 |

II.    **Scheduling Instructions**

Pursuant to Fed. R. Civ. P. 16(b) and the local rules of this Court (except as modified herein), the Court, having considered the status report submitted by the parties, finds that the following schedule should govern the disposition of this case. Unless otherwise ordered or modified by this order, all limitations and requirements of the Federal Rules of Civil Procedure and this Court's local rules must be observed.

The Court has attempted to adhere to the schedule requested by the parties. In so doing, the Court assumes that the parties thoroughly discussed scheduling issues prior to submitting their status report and that the parties understand that the deadlines imposed in this Order are firmly in place, absent the few exceptions set forth below.

1.    **Trial Date:** This case is set for trial on this Court's three-week civil trial docket beginning September 9, 2024. Counsel and the parties shall be ready for trial on three days' notice at any time during this three-week period, unless the Court orders otherwise.[1] The trial date will not be postponed or continued except on written motion establishing exceptional circumstances and in compliance with Northern District of Texas Local Civil Rule 40.1.

2.    **Joinder of Parties:** By April 21, 2023, all motions requesting joinder of additional parties shall be filed. Except when parties are joined by amendment pursuant to paragraph three of this order, parties may be joined only upon motion to the Court.

3.    **Amendment of Pleadings:** Federal Rule of Civil Procedure 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after

---

[1] The Court usually schedules its criminal trials to begin the first Monday of every month, and those trials, if any, are usually completed within one week. If the criminal docket is clear by September 9, 2024, the Court expects to begin trial on that date. When the Court knows a definite trial date, it will notify the parties.

serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under [Federal Rule of Civil Procedure] 12(b), (e), or (f), whichever is earlier." When this time period expires or the party already has amended the pleading, this provision no longer applies, and an amendment falls under Rule 15(a)(2). Federal Rule of Civil Procedure 15(a)(2) then provides that, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Parties may file one amended pleading, as of course, by June 2, 2023. The amending party shall attach as an exhibit to the amended complaint a redlined version of the complaint specifying the new or altered portions. The deadline to file a response to an amended pleading is 21 days after the date the amended pleading is served, notwithstanding expiration of the amended-pleading deadline. After June 2, 2023, a party may amend the pleadings only with the opposing party's written consent or with leave of court, upon a showing of good cause. Plaintiffs who amended their complaint without leave of court and before serving the defendant must obtain the defendant's written consent or leave of court before filing another amended complaint.

4.    **Dispositive Motions:** All motions that would dispose of all or any part of this case, including motions for summary judgment, shall be filed by January 12, 2024. Any dispositive motion must be accompanied by or incorporate a brief, and the motion and the brief may not together exceed 50 pages in length, excluding any table of contents and table of authorities. *See* N.D. Tex. L. Civ. R. 56.3, 56.5(b). The party filing a dispositive motion must, in a separate section at the beginning of the brief, identify the live pleadings for each party who has appeared in the action and specify the name of each pleading, the date it was filed, and the pleadings' document numbers on the Court's docket.

Any affidavits, depositions, written discovery materials, or other summary-judgment evidence must be included in a separate appendix. The appendix must be numbered sequentially from the first page through the last and include an index of all documents included. An envelope that contains a non-documentary or oversized exhibit must be numbered as if it were a single page. *See* N.D. Tex. L. Civ. R. 56.6. The moving party must bracket in the margin of each document in the appendix the portions of the document on which the movant relies, and, when citing record materials in its brief, the moving party must support each assertion by citing each relevant page of its appendix. No party may file more than one motion for summary judgment without leave of court. *See* N.D. Tex. L. Civ. R. 56.2(b).

If a motion for summary judgment is timely filed, the Court may establish a summary judgment briefing schedule by separate order. Except as provided in the Court's briefing order, no supplemental pleadings, briefs, summary-judgment evidence, or other documents will be allowed in connection with the motion for summary judgment or response without leave of court. *See* N.D. Tex. L. Civ. R. 56.7. Cross-motions for summary judgment shall not, except in extraordinary circumstances, be permitted to be filed after the dispositive-motion deadline.

Neither a dispositive motion nor the brief in support may be combined in one document with a party's answer. If a dispositive motion becomes moot for any reason, such as the filing of an amended complaint or settlement, the moving party must notify the Court immediately.

5. **Experts:**

    a. **Initial Designation of Experts:** Unless otherwise stipulated or directed by order, the party with the burden of proof on the issue subject to the expert designation shall file a written designation of the name and address of each

expert witness who will testify at trial for that party and shall otherwise comply with Fed. R. Civ. P. 26(a)(2) on or before October 6, 2023.

b. **Responsive Designation of Experts:** Each party without the burden of proof on the issue subject to expert designation shall file a written designation of the name and address of each expert witness who will testify at trial for that party and shall otherwise comply with Fed. R. Civ. P. 26(a)(2) on or before November 3, 2023.

c. **Rebuttal Experts:** If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), the disclosures required under Rule 26(a)(2) shall be made within 30 days after the disclosure made by the other party.

d. **Challenges to Experts:** Objections to the qualifications or competency of experts, sometimes referred to as *Daubert* motions, must be made in a written motion filed by no later than January 12, 2024. Regardless of any stipulation, the parties may not agree to extend this deadline beyond the dispositive-motion deadline.

6.    **Completion of Discovery:** By December 15, 2023, all discovery—including discovery concerning expert witnesses—shall be completed. The parties may agree to extend this discovery deadline, provided (a) the extension does not affect the trial setting, dispositive-motions deadline, or pretrial-submission dates; and (b) the parties give written notice of the extension to the Court. A later discovery deadline will not be an excuse to delay the deadline to file dispositive motions.

The Court expects the parties to work in good faith to resolve discovery disputes. Any motion to compel discovery or for a protective order must be filed by the later of (1) November 28, 2023, or (2) 15 days after the discovery response at issue was served or due to be served. Any other motions that are related to discovery but do not seek to compel or avoid as-yet uncompleted depositions, service of discovery responses, or production of documents or electronically stored information (ESI) must be filed by December 20, 2023.

Any motion to quash or for protective order relating to a deposition that is filed less than 5 business days before the scheduled or noticed date of the deposition will be

summarily denied unless, on proper motion, the Court grants leave for the motion to be filed based on a showing of extraordinary or extenuating circumstances that prevented the requested relief from being presented to the Court at an earlier date.

Further, in accordance with Federal Rule of Evidence 502(d), any attorney-client privilege or work-product protection will not be waived by disclosure in connection with this case, and the production of privileged or work-product protected documents, ESI, or information, whether inadvertent or otherwise, is not a waiver of the privilege or work-product protection in this case or in any other federal or state proceeding. This order will be interpreted to provide the maximum protection allowed by Rule 502(d), but nothing contained in this order is intended to or will serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and segregation of privileged and protected information before production.

Under Federal Rule of Civil Procedure 26(b)(5)(B), if information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

7.    **Pretrial Disclosures and Objections:** Unless otherwise directed by order, the parties must make the disclosures required by Rule 26(a)(3)(A) by August 19, 2024. With respect to the identification of witnesses who will be called by deposition, the parties must

– 6 –

also identify the portions of the deposition transcript they intend to use.  Within 7 days

thereafter, a party must serve and file a list disclosing any objections, together with the

grounds therefor, to (a) the use under Rule 32(a) of a deposition designated by another party

under Rule 26(a)(3)(A)(ii); and (b) the admissibility of materials identified under Rule

26(a)(3)(A)(iii).  Objections not so disclosed, other than objections under Rules 402 and 403

of the Federal Rules of Evidence, are waived unless the Court excuses the failure to disclose

for good cause.  Other than exhibits on file with the Court, the objecting party must attach

the materials at issue to the objections.  Counsel, or the party if not represented by counsel,

must confer about exhibits and deposition designations and make reasonable efforts to agree

on admissibility prior to the pretrial order and pretrial conference, at which time the Court

will rule on the admissibility of the exhibits.

8.   **Pretrial Materials:**

a.  **Pretrial Order:**  A joint pretrial order shall be submitted by the plaintiff's attorney by August 19, 2024.  The pretrial order shall address each of the matters listed in Local Rule 16.4 and state the estimated length of trial.  If an attorney for either party does not participate in the preparation of the joint pretrial order, the opposing attorney shall submit a separate pretrial order with an explanation of why a joint order was not submitted (so that the Court can impose sanctions, if appropriate).  Each party may present its version of any disputed matter in the joint pretrial order; therefore, failure to agree upon content or language is not an excuse for submitting separate pretrial orders. When the joint pretrial order is approved by the Court, it will control all subsequent proceedings in this case.  The proposed pretrial order must be transmitted to the electronic address used for receipt of proposed orders (Hendrix_Orders@txnd.uscourts.gov).

b.  **Witness List:**  Each party must file a list of witnesses who may be called by each party in its case in chief by August 19, 2024.  Each witness list shall contain a brief narrative summary of the testimony to be elicited from each witness, state whether the witness has been deposed, and note whether the witness's testimony at trial is probable, possible, expert, or record custodian. If a witness's deposition will be used in lieu of live testimony, the proffering party must also specifically state why that witness is "unavailable" as defined by Federal Rule of Civil Procedure 32(a)(4).  If any witness needs an

interpreter, please note this on the witness list and arrange for an interpreter to be present at trial.

c. **Exhibit List and Deposition-Testimony Designations:** A list of exhibits, including demonstrative exhibits, and a designation of portions of depositions to be offered at trial shall be filed by each party by August 19, 2024. The list of exhibits shall describe with specificity the documents or things in numbered sequence. The documents or things to be offered as exhibits shall be numbered by attachment of labels to correspond with the sequence on the exhibit list and identify the party submitting the exhibit.

Each party's exhibit list shall be accompanied by a written statement, signed by counsel for each party, and state that, as to each exhibit shown on the list, either (i) the parties agree to the exhibit's admissibility; or (ii) the admissibility of the exhibit is disputed, identifying the nature and legal basis of any objection and the name of the objecting party or parties. All parties shall cooperate in causing such statements to be prepared in a timely manner for filing with the exhibit lists. The Court may exclude any exhibit offered at trial if such a statement regarding the exhibit has not been filed timely. In addition, objections not identified in the statement may be waived. A list of each party's exhibits to which no objection will be lodged (preadmitted) must be submitted at the pretrial conference. The Court expects the parties to confer and agree to admit the majority of their exhibits prior to trial.

Unless both parties agree to an electronic exchange of exhibits, counsel for each party intending to offer exhibits shall deliver a set of marked exhibits with opposing counsel at least 14 days before trial. Regardless of whether the parties have agreed to electronic exchange, counsel for all parties shall deliver two sets of marked exhibits to the Lubbock Division's Clerk's Office, marked to the attention of Judge Hendrix's chambers. Exhibits are to be placed in three-ring binders, the front of the binder is to be labeled with the style of case, case number, name of the party, and volume number, and the spine of each binder should be labeled with the appropriate exhibit numbers and/or range of exhibit numbers. The parties should make sure that the size of the exhibit binders is not overly cumbersome for the Court to utilize on the bench.

The parties shall coordinate with each other to deliver to the Court one set of deposition designations in the form of highlighted transcripts placed in three-ring binders. The front of each binder is to be labeled with the style of case, case number, name of the filing party, and volume number, and the spine of each binder should be labeled with the depositions contained therein. Deposition designations to which neither side objects shall be highlighted in green. Plaintiff shall use yellow highlighting for its designations to which defendant objects, and defendant shall use blue highlighting for its designations to which plaintiff objects. So that the copies are not overly cumbersome, the parties shall use condensed transcripts and shall print on

– 8 –

both sides of the page. Electronic copies of the highlighted transcripts in .pdf form shall be e-mailed to Chambers.

d. **Jury Charge:** The parties shall file a joint proposed jury charge and verdict form, agreed to by all parties to the maximum extent possible, no later than August 26, 2024. The parties shall simultaneously email the agreed proposed jury charge and verdict form in Word format to the Court at Hendrix_Orders@txnd.uscourts.gov. Counsel for plaintiff(s) is responsible for typing, collating, and otherwise preparing, filing, and serving the final document, but, if no plaintiff is represented by counsel, counsel for defendant(s) must assume this responsibility. All proposed jury instructions and questions must be accompanied by citation to statutory or case-law authority and/or pattern instructions, and the Court advises the parties to rely, wherever possible, on U.S. Supreme Court and/or Fifth Circuit authority and pattern instructions or relevant state law authority and pattern instructions.

The Court expects the parties to engage—in person, by telephone, or via video teleconference—in meaningful discussions to reach agreement on each portion of the proposed jury charge and verdict form. When a disagreement persists, those portions of the joint proposed jury charge that are proposed by any plaintiff, but objected to by any defendant, must be underlined. Those portions of the jury instructions or questions that are proposed by any defendant, but objected to by any plaintiff, must be in boldface. Competing versions of instructions or questions on the same topic must appear sequentially in the joint proposed jury charge and verdict form, with a plaintiff's version listed first and a defendant's version listed second. To the extent that the joint proposed jury charge and verdict form includes any disputed portions, each party must also file a brief in support of its legal positions regarding the disputed portions of the joint proposed jury charge and verdict form.

If supplemental jury instructions or questions become necessary due to the nature of the evidence presented at trial, any proposed supplemental instructions or questions must be filed with the Clerk of Court as soon as reasonably possible and simultaneously emailed in Word format to the Court at Hendrix_Orders@txnd.uscourts.gov.

e. **Voir Dire:** The parties must submit proposed voir dire questions, if any, by August 26, 2024. The Court will conduct the principal voir dire, and, unless the parties are otherwise notified, the Court will permit one attorney per side to ask follow-up questions, usually subject to a 20-minute time limit. The Court does not routinely use jury questionnaires or surveys, but the Court will consider requests for the issuance of a jury questionnaire if all parties agree on the proposed questions for the Court to include and the proposed questions are submitted to the Court no later than August 26, 2024.

f. **Motions in Limine:** Motions in limine should not be filed as a matter of course. If filed, counsel must file them with the Court and serve them on the opposing party by August 26, 2024. Responses must be filed with the Court and served on the opposing party by September 3, 2024. Replies to responses are not permitted except by leave of court in extraordinary circumstances. Motions in limine must be limited to matters that meet the following requirements: (1) the matter cannot adequately be raised by an objection at trial without prejudicing the moving party, and (2) the prejudice of mentioning the matter in the jury's presence cannot be cured by an instruction from the Court. Motions in limine must include neither "standard" requests not tailored to a case-specific matter nor issues presented in an effort to obtain substantive rulings that should have been requested in advance of trial by appropriate motion.

g. **Trial Briefs:** Absent a specific order by the Court, trial briefs are not required but are welcomed. Any trial brief should be filed by September 3, 2024 and should rely on U.S. Supreme Court and Fifth Circuit authority or relevant state-law authority to address issues the parties anticipate will arise at trial. In any trial, the Court also welcomes short trial briefs filed by the parties during trial to address any unanticipated issues that arise.

   If trial is to the Court (in whole or in part), each party must, no later than August 26, 2024, file and serve a trial brief, not to exceed 30 pages (excluding any table of contents and table of authorities), describing the legal and factual bases for any claim, defense, or issue on which the party has the burden of persuasion. No later than September 3, 2024, any opposing party must file and serve a trial brief, not to exceed 30 pages (excluding any table of contents and table of authorities), responding to the trial briefs filed by its opposing parties on any claim, defense, or issue on which the burden of persuasion lies with any of its opposing parties. Each trial brief shall be accompanied by that party's proposed findings of fact and conclusions of law.

9. **Mediation:** The Court leaves to the parties whether to engage in mediation. Any mediation must, however, be completed by July 8, 2024.

10. **Pretrial Conference:** A pretrial conference will be held if the Court determines such a conference is necessary. If the Court anticipates imposing time limits on the presentation of evidence that significantly reduces the parties' estimated trial length, the Court will schedule a pretrial conference and advise the parties of such deadlines. Lead counsel for each party must attend, or, if the party is proceeding pro se, the party must attend. Fed. R. Civ. P. 16 (c)(1) & (e). Lead counsel and pro se parties must have the

– 10 –

authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expense of trial. *Id.* All pretrial motions not previously decided will be resolved at that time, and procedures for trial will be discussed. At the pretrial conference, it should be possible to assign a specific date for trial during the three-week docket. Telephone calls about the probable trial date prior to the final pretrial conference will not likely be beneficial to counsel or Court staff.

11. **Modification of Scheduling Order:** This Order shall control the disposition of this case unless it is modified by the Court upon a showing of good cause and by leave of court. Fed. R. Civ. P. 16(b)(4). Conclusory statements will not suffice to show good cause, even if the motion is agreed or unopposed.

12. **Trial Procedures:** Unless leave of court is obtained, the Court will limit the examination of each witness to direct examination, cross-examination, one redirect examination, and one recross-examination. The redirect and recross must be limited to the subject of the immediately preceding examination. The Court adheres to the scope of cross-examination as outlined in Federal Rule of Evidence 611(b). Local Civil Rule 83.4 governs the conduct of counsel at trial.

Each party is responsible for keeping track of which exhibits are admitted during trial, to confer with opposing counsel on a consolidated list, and to submit it as a table of contents to accompany the exhibits to the jury room and to file of record in the case. If the parties have electronic evidence they intend to admit as exhibits and send to the jury room, the parties must bring the necessary equipment to view it in the jury room.

13. **Hearings:** The Court is aware that few cases go to trial and that there are generally fewer speaking opportunities in court, particularly for junior lawyers (i.e., lawyers practicing for less than seven years). The Court encourages litigants to be mindful of

opportunities for junior lawyers to conduct hearings before the Court, particularly for motions where the junior lawyer drafted or contributed significantly to the underlying motion or response. In those instances where the Court is inclined to rule on the papers, a representation that the argument would be handled by a junior lawyer will weigh in favor of holding a hearing. The Court understands that there may be circumstances where having a junior lawyer handle a hearing might not be appropriate. Even so, the Court believes it is crucial to provide substantive speaking opportunities to junior lawyers, and the benefits of doing so will accrue to junior lawyers, to clients, and to the profession generally. Thus, the Court encourages all lawyers practicing before it to keep this goal in mind.

14.    **Compliance with this Order:** Counsel and the parties are expected to comply fully with this Order. Failure to comply will cause the Court to consider the entire range of sanctions available.

So ordered on April __5__, 2023.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE