UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

MICHAEL OLAGUE, as dependent
administrator of the estate of Arturo
Martinez Olague,

      Plaintiff,

v.                                                                                    No. 6:22-CV-070-H

CORECIVIC, INC.,

      Defendant.

## PROTECTIVE ORDER

Before the Court is the parties' Joint Motion for Protective Order. Dkt. No. 41. The Court grants the motion and enters the following Protective Order. Section 6, below, was added by the Court to supplement the parties' proposed section 5 to address filings that include materials designated by the parties as confidential. The Court has also modified portions of other paragraphs for clarification.

1.     For purposes of this Agreement, CONFIDENTIAL INFORMATION means any document or tangible thing, electronic or video recording, or transcript of oral testimony, whether or not made under oath, and the content of such document, thing, recording, or transcript, designated by any party as confidential because it contains: (1) proprietary information (trade secret, proprietary matter, or other confidential research, development, or commercial information as those terms are used in Fed. R. Civ. P. 26); (2) confidential personal information related to current or former employees of CoreCivic, Inc. and CoreCivic of Tennessee, LLC (collectively, "CoreCivic"), the disclosure of which might invade those current or former employees' privacy; (3) documents containing financial, pricing, or contractual information, unless they are already public records;

(4) security-sensitive information related to the operation of any CoreCivic facility; and

(5) confidential information relating to or identifying current or former inmates, the disclosure of which might invade those inmates' privacy. CONFIDENTIAL INFORMATION is specifically intended to include, but is not limited to: (1) CoreCivic's policies and procedures, unless they are already public records; (2) CoreCivic's training materials, information, and documents, unless they are already public records; (3) Post Orders, unless they are already public records; (4) CoreCivic's investigative materials, to the extent, if any, they apply to Plaintiff's claims, unless they are already public records; (5) grievance logs, unless they are already public records; (6) facility diagrams, including information related to the placement of security cameras, unless they are already public records; (7) bonus and/or financial information, unless they are already public records; (8) any of CoreCivic's employee or independent contractor files, unless they are already public records. By way of example, and not limitation, CONFIDENTIAL INFORMATION may be included in documents, simulations, animations, portions of documents, computer programs and software, magnetic or digital discs, electronically recorded tapes of any sort, transcripts, summaries, notes, abstracts, motions, drawings, and any instrument that comprises, embodies, or summarizes matter that any party considers confidential. Nothing in this Order or the acceptance of documents under this Order waives any party's right to object to the classification of any information as confidential and to submit the issue to the Court for resolution. Nor does anything in this Order require a party to produce such confidential information.

2. By way of example, the term "documents" includes but is not limited to correspondence, memoranda, or other printed matter, interoffice and/or intra-corporate

communications, letters, statements, contracts, invoices, drafts, charts, work sheets, desk diaries, recordings, specifications, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, sketches, drawings, notes (including laboratory notebooks and records), disclosures, data, reports, work assignments, instructions, electronic files, electronic information, emails, and other writings.

3.      It is contemplated that the parties may produce certain of their files and other information pursuant to agreement or subpoena (files and information that contain confidential as well as non-confidential material) and that, at the time of production, the producing party will designate the documents that they deem to contain CONFIDENTIAL INFORMATION.  Only documents marked as "CONFIDENTIAL" will be subject to the Court's Protective Order.  CONFIDENTIAL INFORMATION will not be disseminated or produced except in accordance with this Order.

4.      Whenever a deposition or court proceeding involves the disclosure of a party's CONFIDENTIAL INFORMATION to another party, the following procedure will apply:

    a.  The court reporter will be directed to bind those portions of the transcript containing CONFIDENTIAL INFORMATION separately.  This request will be made on the record whenever possible.

    b.  The cover of any portion of a deposition or court-proceeding transcript that contains testimony or documentary evidence that has been designated CONFIDENTIAL INFORMATION will be prominently marked with the legend: CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER.

    c.  All portions of deposition or court proceeding transcripts designated as CONFIDENTIAL INFORMATION will be sealed and will not be disseminated except to the persons identified in Paragraphs 8 and 10.

d.  Any party may designate any portion of a deposition, not previously designated as CONFIDENTIAL INFORMATION, within 30 days of receipt of the transcript of said deposition, by the party, as CONFIDENTIAL INFORMATION, by advising all counsel of record of their designation of the specific portions of the deposition as confidential and shall be treated as if designated initially at the deposition, from that point forward.

5.  The parties acknowledge that this Order does not entitle them to seal CONFIDENTIAL INFORMATION filed with the Court. In the event a party seeks to file any document containing CONFIDENTIAL INFORMATION subject to protection under this Order with the Court, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for *in camera* review; or (c) when the preceding measures are inadequate, seeking leave to file the document or portions thereof under seal by filing a written motion for leave to file under seal. The submitting party may file a document designated as confidential under this Order as a separate sealed exhibit before a sealing order is obtained. However, contemporaneously with that filing, the party must file a motion for leave to file the document under seal, identifying the party that has designated the material as confidential ("the designating party"). If the party filing the document containing CONFIDENTIAL INFORMATION is the designating party, the motion for leave to file under seal should include a declaration identifying the CONFIDENTIAL INFORMATION contained in the document and explaining why the document is sealable. If the party filing the document is not the designating party, the designating party must file a declaration identifying the CONFIDENTIAL INFORMATION contained in the document

and stating whether the designated material is sealable, and if so why, within 14 days of the filing of the motion to file under seal. If the designating party does not file a responsive declaration within the 14-day time period, the submitting party may file the document in the public record after the motion is denied.

6.     The Court generally discourages requests for filing motions and exhibits under seal. The parties may agree between themselves to designate documents "Confidential" during discovery. The typical standard there involves the parties assessing whether they want that material in the public domain. But filing that material with the Court under seal is a different matter. Court proceedings are, by and large, public matters—and rightfully so given the First Amendment and that tax dollars fund the courts.[1]

Here, the parties' agreement takes the form of this Protective Order. Federal Rule of Civil Procedure 26(c) permits the Court to issue a protective order "for good cause." To assist the parties in showing good cause here, the Court adds the following requirements that complement the sealing practices of the Fifth Circuit. A party seeking to file a specific document under seal must move for leave to do so and: (1) brief the legal authorities indicating the risks of disclosure outweigh the public's right to know, and (2) explain that no other viable alternative to sealing exists. Further, all facts recited in any such motion must

---

[1] *See Bin Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417–21 (5th Cir. 2021); *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) ("Public confidence [in our judicial system] cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view.") (quoting *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 230 (5th Cir. 2008)); *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) ("Public access [to judicial records] serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness.") (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 682 (3d Cir. 1988)); *see also Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983) (explaining that the First Amendment and the common law limit the court's discretion to seal records).

be verified by the oath or declaration of a person or persons with personal knowledge.

If any party wishes to submit CONFIDENTIAL INFORMATION to the Court, the parties shall request to file the materials under seal, as appropriate and consistent with Fifth Circuit precedent. *See Bin Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417–21 (5th Cir. 2021). The submission must be filed pursuant to Local Rule 79.3 or in a sealed envelope bearing the caption of this Action and a notice in the following form:

**CONFIDENTIAL INFORMATION or
CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION**
[caption]
This envelope, which is being filed under seal,
contains documents that are subject to a Protective
Order governing the use of confidential discovery material.
**No Prejudice.**

7.    The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at court proceedings. Subject to the Federal Rules of Evidence, a document containing CONFIDENTIAL INFORMATION may be offered into evidence at trial or any court hearing, provided that the proponent of the evidence gives advance notice to opposing counsel of the intended use of the CONFIDENTIAL INFORMATION as may be required by a scheduling or other order. Any party may move the Court for an order that the CONFIDENTIAL INFORMATION be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as confidential and, if so, what protection(s) may be afforded to such information at the trial or hearing. Any document designated as CONFIDENTAL INFORMATION shall not affect its admissibility.

8.    Unless otherwise provided in this Order, see Paragraph 10, access to CONFIDENTIAL INFORMATION will be restricted to the Court, its officers, and to the

following counsel and experts: attorneys in this action (including their staff), consulting attorneys, or testifying or consulting experts, where production is required by the Federal Rules of Civil Procedure or a court order. Any attorney or expert to whom disclosure is made will be furnished with a copy of the Protective Order and will be subject to the Order. CONFIDENTIAL INFORMATION may also be shown as necessary to any deponent or witness testifying in court at the trial of this case. If CONFIDENTIAL INFORMATION is shown to a deponent, that portion of the deposition testimony related to the CONFIDENTIAL INFORMATION may be marked as "CONFIDENTIAL" pursuant to Paragraph 4.

9.    CONFIDENTIAL INFORMATION containing addresses, identifying information, dependent information, or contact information concerning former or current CoreCivic employees/independent contractors will not be disclosed to any current or former inmate or member of the general public. Access will be restricted to the attorneys in this action (including their staff) and any consulting or testifying experts. Moreover, CONFIDENTIAL INFORMATION containing proprietary policies, protocols, practices, and directives relating to security procedures utilized by any CoreCivic employee, at any CoreCivic facility, will not be disclosed to any present or former inmate, unless they are already public records. Such information will be produced with the label: "CONFIDENTIAL/ATTORNEYS' EYES ONLY." CONFIDENTIAL INFORMATION so labeled shall not be disclosed to the public or to any current or former inmate and will be handled accordingly at all times, barring a written agreement by the disclosing party to modify or remove the designation or a court order. The terms of this

Protective Order are not to be construed as an agreement by CoreCivic or its employees to disclose security-sensitive information related to the operation of any CoreCivic facility.

10.    If the plaintiff's counsel or experts are required by law or court order to disclose CoreCivic's CONFIDENTIAL INFORMATION to any person or entity not identified in Paragraph 8, the name of that person or entity will be furnished to CoreCivic as far in advance of disclosure as is reasonably possible (ideally, not less than two weeks), so that CoreCivic may object and seek further protection as necessary.  Once an objection has been made, there will be no disclosure until the matter is resolved, unless disclosure is required by law or court order.  Any person not listed in Paragraph 8 who is then entitled to receive CONFIDENTIAL INFORMATION must be furnished with a copy of the Protective Order.

11.    If the plaintiff's counsel uses and discloses CONFIDENTIAL INFORMATION produced pursuant to this Order in other lawsuits, all terms of this Order will apply to the use of the CONFIDENTIAL INFORMATION in the other lawsuits.  If the plaintiff's counsel desires to use the documents or CONFIDENTIAL INFORMATION produced pursuant to this Order in any other lawsuit, the plaintiff's counsel will provide written notification to the Office of the General Counsel of CoreCivic and/or Struck Love Bojanowski & Acedo, PLC specifying the documents or CONFIDENTIAL INFORMATION produced pursuant to this Order that the plaintiff's counsel intends to use in the other lawsuit.  The plaintiff's counsel will provide such notification in sufficient time (not less than two weeks) prior to the use of the CONFIDENTIAL INFORMATION in the subsequent lawsuit to allow CoreCivic and/or Struck, Love, Bojanowski & Acedo, PLC to object to the use of the CONFIDENTIAL INFORMATION should they desire to do so.

12.     Counsel for the parties retain the right to challenge the designation of all or part of a particular document as CONFIDENTIAL INFORMATION.  The burden of proof with respect to the propriety or correctness in the designation of information as CONFIDENTIAL INFORMATION will rest on the designating party.

13.     Nothing in this Protective Order precludes the plaintiff or the defendant from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or relief from the Protective Order. Moreover, by agreeing generally in this Protective Order that certain categories will be covered as confidential, the parties do not waive the right to challenge the relevance, discoverability, or admissibility of documents that fall within those categories.

14.     Upon completion of this action, the parties and their respective legal counsel shall either destroy all copies of confidential documents covered by this Order and certify that they have done so in writing or return them to counsel for the producing party.

15.     Each person designated in Paragraphs 8 and 10, by receiving and reading a copy of the Protective Order entered by the Court, agrees to abide by its provisions and to see that its provisions are known and adhered to by those under his or her supervision or control and to submit to the jurisdiction of the Court in the event the Order is breached.

So ordered on August _23_, 2023.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE