UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

MICHAEL OLAGUE, as dependent
administrator of the estate of Arturo
Martinez Olague,

      Plaintiff,

v.                                                                        No. 6:22-CV-070-H

CORECIVIC, INC.,

      Defendant.

## ORDER

This matter is before the Court sua sponte to consider whether proper subject-matter jurisdiction has been invoked. This Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The plaintiff has filed a complaint invoking this Court's diversity jurisdiction. Dkt. Nos. 1; 14. However, the record before the Court does not sufficiently allege either party's citizenship. Accordingly, the Court directs the plaintiff to file a response to this Order by no later than 5:00 p.m. on March 15, 2024, that properly alleges the parties' citizenship.

Pursuant to 28 U.S.C. § 1332, a district court has subject-matter jurisdiction over a civil action between citizens of different states when the amount in controversy exceeds $75,000, exclusive of costs or interest. 28 U.S.C. § 1332; *Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 473 (5th Cir. 2022). "To properly allege diversity jurisdiction under [Section] 1332, the parties need to allege 'complete diversity.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quotation omitted). "[I]f any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not

exist." *Advanced Indicator*, 50 F.4th at 473 (quotation omitted). The party invoking the Court's subject-matter jurisdiction bears the burden of establishing jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

To determine a party's citizenship, a court must first consider whether the party is an individual, a corporation, or an unincorporated entity. An individual is a citizen of his state of domicile. *MidCap Media Fin.*, 929 F.3d at 313. While an individual's residence is prima facie evidence of his domicile, residence is "not synonymous" with domicile and citizenship. *Id.* (quotation omitted). "Domicile requires the demonstration of two factors: residence and the intention to remain." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 798 (5th Cir. 2007). However, a citizen of a foreign state, unless a lawful permanent resident of the United States, remains a citizen of that foreign state, and their state of domicile does not control. *See Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974); 28 U.S.C. § 1332(a)(2). "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). A corporation is "a citizen of every State and foreign state by which it has been incorporated *and* of the State or foreign state where it has its principal place of business." *Id.* § 1332(c)(1) (emphasis added).

The parties at issue are the representative of the estate of a decedent and a corporation. *See* Dkt. No. 14 at 3–4. The first amended complaint alleges that the representative, Michael Olague, is a Texas resident and that the defendant is a Maryland corporation. *Id.* at 2. However, the citizenship of a legal representative of a decedent's estate is deemed to be the citizenship of the decedent. *See* 28 U.S.C. § 1332(c)(2). And a

corporation is a citizen of every state in which it is incorporated *and* of the state where it has its principal place of business. *Id.* § 1332(c)(1).

Because the plaintiff has not alleged the decedent's citizenship or the defendant's principal place of business, the Court cannot be certain that diversity jurisdiction is present. *See id.* Accordingly, the Court directs the plaintiff to file a response to this Order that properly identifies the parties' citizenship by no later than 5:00 p.m. on March 15, 2024.

So ordered on March __7__, 2024.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE