**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION**

| | | |
|---|---|---|
| MICHAEL ANTHONY OLAGUE, as dependent administrator of the Estate of Arturo Martinez Olague, Deceased<br><br>Plaintiff,<br><br>v.<br><br>CORECIVIC, INC.<br><br>Defendant. | § § § § § § § § § § § § § § | CIVIL ACTION NO. 6:22-CV-00070-H |

## CORECIVIC'S ANSWER TO PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

Defendant, CoreCivic, Inc. ("CoreCivic"), through counsel, for its Answer to Plaintiff's First Amended Original Complaint ("FAC"), denies each allegation and each claim for relief contained in Plaintiff's FAC that is not expressly admitted or otherwise pled to. CoreCivic admits, denies, and alleges as follows:

### I. INTRODUCTION

1.1    In answering Paragraph 1.1 of Plaintiff's FAC, CoreCivic admits that Arturo Martinez Olague ("Decedent") was a detainee at the Eden Detention Center ("EDC"), a private prison located in Eden, Texas and that it owns and operates EDC as a medium-security facility holding male detainees. CoreCivic denies the remaining allegations.

1.2    CoreCivic denies the allegations in Paragraph 1.2 of Plaintiff's FAC.

1.3    CoreCivic denies the allegations in Paragraph 1.3 of Plaintiff's FAC.

1.4    In answering Paragraph 1.4 of Plaintiff's FAC, CoreCivic admits only that Decedent died after he left EDC. CoreCivic denies that "Decedent died of the severe injuries incurred by him while in CoreCivic's custody at [EDC]." The remaining

allegations in Paragraph 1.4 of Plaintiff's FAC are directed to individuals other than this Answering Defendant and therefore no answer is required and none is provided.

## II.    JURISDICTION AND VENUE

2.1    In answering Paragraph 2.1 of Plaintiff's FAC, CoreCivic admits that jurisdiction is proper under 28 U.S.C. § 1332(a)(l) and that CoreCivic is a Maryland corporation. CoreCivic lacks sufficient information to form a belief as to the truth of the remaining allegations and therefore denies them.

2.2    In answering Paragraph 1.4 of Plaintiff's FAC, CoreCivic admits venue is proper under 28 U.S.C. § 1391(b).

## III.    PARTIES

3.1    In answering Paragraph 3.1 of Plaintiff's FAC, CoreCivic admits only that Plaintiff was issued a Letter of Dependent Administration by the Probate Court of Texas. CoreCivic denies the remaining allegations.

3.2    In answering Paragraph 3.2 of Plaintiff's FAC, CoreCivic lacks sufficient information to form a belief as to the truth of the allegations and therefore denies them.

3.3    The allegations in Paragraph 3.3 of Plaintiff's FAC are directed to individuals other than this Answering Defendant and therefore no answer is required and none is provided.

**Defendant**

3.4    In answering Paragraph 3.4 of Plaintiff's FAC, CoreCivic admits it was formerly Corrections Corporation of America; is a for-profit corporation providing correctional and detention services; is a Maryland corporation operating under federal tax laws; does business in this District, including operating EDC, located in Eden, Texas; and its registered agent is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. CoreCivic lacks sufficient information to form a belief as to the truth of the remaining allegations and therefore denies them.

/ / /

## IV.  FACTUAL ALLEGATIONS

4.1     In answering Paragraph 4.1 of Plaintiff's FAC, CoreCivic admits it owns and operates EDC, a private detention center located in Eden, Texas. CoreCivic denies the remaining allegations.

4.2     In answering Paragraph 4.2 of Plaintiff's FAC, CoreCivic admits only that Decedent was housed at "various other detention and/or processing centers" prior to his housing at EDC, was sentenced to 18 months of imprisonment after being found in the United States after previous deportation, and was housed at EDC beginning on December 2, 2020. CoreCivic lacks sufficient information to form a belief as to the truth of the remaining allegations and therefore denies them.

4.3     In answering Paragraph 4.3 of Plaintiff's FAC, CoreCivic admits only that it received a U.S. Department of Justice Prisoner in Transit Summary, which noted Decedent had a "seizure disorder," "bottom bunk only," and "pt is hemophiliac." CoreCivic denies the remaining allegations.

4.4     In answering Paragraph 4.3 of Plaintiff's FAC, CoreCivic admits only that LVN Diana Alfaro noted on Decedent's Initial Intake Screening, "low bunk low tier," and that Decedent had seizures. CoreCivic denies the remaining allegations.

4.5     In answering Paragraph 4.5 of Plaintiff's FAC, CoreCivic admits only that on January 23, 2021, Decedent reported he "experienced a fall in a flooded cell approx. a month ago while at another facility" and that Pam Schwertner noted Decedent was "notable unsteady during ambulation." CoreCivic denies the remaining allegations. CoreCivic affirmatively alleges that Pam Schwertner noted: "Inmate reported back pain to dorm officers; Dorm E Officer contacted medical nurse with report of inmate back pain; Medical Schwertner arrived to bunk; Inmate reports back pain since he experienced a fall in a flooded cell approx. a month ago while at another facility; Inmate states Doctor then informed him his back pain would heal on its own; Inmate states he does not want to see the Doctors at EDC; He wants to be sent to the hospital to go see another Doctor about his

back pain." CoreCivic also affirmatively alleges that Pam Schwertner noted: "Medical Schwertner observed inmate prior to this date with out of bed activity, notable unsteady ambulation which has been his normal state/activity. Inmate verbaly [sic] defensive/interrupting medical numerous times with medical attempt to instruct/educate on treatment for the back pain."

4.6    In answering Paragraph 4.7 of Plaintiff's FAC, CoreCivic admits only that an incident involving Decedent and Detention Officer ("DO") Spurgin occurred on January 23, 2021. CoreCivic denies the remaining allegations.

4.7    In answering Paragraph 4.7 of Plaintiff's FAC, CoreCivic admits only that an incident occurred on January 24, 2021, which prompted CoreCivic staff to transfer Decedent off-site to Shannon Medical Center where he was diagnosed with a concussion. CoreCivic denies the remaining allegations. CoreCivic affirmatively alleges that Shannon Medical Center staff performed a head CT scan on that date and cleared him to return to EDC.

4.8    CoreCivic denies the allegations in Paragraph 4.8 of Plaintiff's FAC.

4.9    In answering Paragraph 4.9 of Plaintiff's FAC, CoreCivic admits only that Decedent submitted a Sick Call Request, stating "I have fallen twice inside this cell. Both officers have ingore [sic] me. I want to see the Unit Dr. I need medical help." CoreCivic denies the remaining allegations.

4.10    In answering Paragraph 4.10 of Plaintiff's FAC, CoreCivic admits only that an incident occurred on January 28, 2021, and that Decedent was conscious after the incident. CoreCivic lacks sufficient information to form a belief as to the truth of whether Decedent "complained of a headache" and therefore denies it. CoreCivic denies all remaining allegations.

4.11    In answering Paragraph 4.11 of Plaintiff's FAC, CoreCivic admits only that Decedent was transported by Emergency Medical Services ("EMS") via ground ambulance to Shannon Medical Center; arrived at Shannon Medical Center at 2:06 a.m.; was air

evacuated to Austin, Texas; and was transferred to St. David's South Austin Medical Center. CoreCivic denies the remaining allegations. CoreCivic affirmatively alleges that Shannon Medical Center had a hematologist on staff during the time at issue, that the hematologist failed to return Shannon Medical Center's phone calls, requesting assistance in treating Decedent on January 28, 2021; and that Decedent was in Shannon Medical Center's care for approximately four and a half hours before they decided to transfer him out of their facility to Austin, Texas.

4.12    CoreCivic denies the allegations in Paragraph 4.12 of Plaintiff's FAC.

4.13    CoreCivic denies the allegations in Paragraph 4.13 of Plaintiff's FAC.

4.14    In answering Paragraph 4.14 of Plaintiff's FAC, CoreCivic admits only that Decedent died on February 2, 2021, and that the Travis County Medical Examiner listed his cause of death as "blunt head trauma." CoreCivic denies the remaining allegations.

## V.  CAUSES OF ACTION

5.1    In answering Paragraph 5.1 of Plaintiff's FAC, CoreCivic states that *Minneci v. Pollard*, 565 U.S. 118 (2012) speaks for itself, and, to the extent the allegations in Paragraph 5.1 deviate from the findings in that case, CoreCivic denies those allegations.

### NEGLIGENCE

5.2    In answering Paragraph 5.2 of Plaintiff's FAC, CoreCivic reasserts its answers to the foregoing paragraphs as if set forth fully herein.

5.3    CoreCivic denies the allegations in Paragraph 5.3 of Plaintiff's FAC.

5.4    CoreCivic denies the allegations in Paragraph 5.4 of Plaintiff's FAC.

5.5    CoreCivic denies the allegations in Paragraph 5.5 of Plaintiff's FAC.

5.6    In answering Paragraph 5.6 of Plaintiff's FAC, CoreCivic admits only that it is a for-profit corporation. CoreCivic denies the remaining allegations.

### WRONGFUL DEATH

5.7    In answering Paragraph 5.7 of Plaintiff's FAC, CoreCivic reasserts its answers to the foregoing paragraphs as if set forth fully herein.

5.8     In answering Paragraph 5.8 of Plaintiff's FAC, CoreCivic admits only that it owes a general duty of care to all detainees at EDC. CoreCivic denies the remaining allegations.

5.9     In answering Paragraph 5.9 of Plaintiff's FAC, CoreCivic states that Plaintiff's wrongful death claim based on the January 23, 2021 incident with DO Spurgin was dismissed, and therefore no answer is required and none is provided. CoreCivic admits only that it owns and operates EDC. CoreCivic denies the remaining allegations.

5.10    In answering Paragraph 5.10 of Plaintiff's FAC, CoreCivic states that Plaintiff's wrongful death claim based on the January 23, 2021 incident with DO Spurgin was dismissed, and therefore no answer is required and none is provided. CoreCivic denies the remaining allegations.

5.11    In answering Paragraph 5.11 of Plaintiff's FAC, CoreCivic states that Plaintiff's wrongful death claim based on the January 23, 2021 incident with DO Spurgin was dismissed, and therefore no answer is required and none is provided. CoreCivic denies the remaining allegations.

5.12    CoreCivic denies the allegations in Paragraph 5.12 of Plaintiff's FAC.

5.13    In answering Paragraph 5.13 of FAC, CoreCivic lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

5.14    CoreCivic denies the allegations in Paragraph 5.14 of Plaintiff's FAC.

## SURVIVAL ACTION

5.15    In answering Paragraph 5.15 of Plaintiff's FAC, CoreCivic reasserts its answers to the foregoing paragraphs as if set forth fully herein.

5.16    CoreCivic denies the allegations in Paragraph 5.16 of Plaintiff's FAC.

5.17    CoreCivic denies the allegations in Paragraph 5.17 of Plaintiff's FAC.

## RESPONDEAT SUPERIOR

5.18    In answering Paragraph 5.18 of Plaintiff's FAC, CoreCivic reasserts its

answers to the foregoing paragraphs as if set forth fully herein.

5.19    In answering Paragraph 5.19 of Plaintiff's FAC, CoreCivic states that Plaintiff's respondeat superior theory of liability based on the January 23, 2021 incident with DO Spurgin was dismissed, and therefore no answer is required and none is provided. CoreCivic denies the remaining allegations.

5.20    Paragraph 5.20 of Plaintiff's FAC calls for a legal conclusion. To the extent a response is necessary, CoreCivic denies these allegations.

5.21    The allegations in Paragraph 5.21 of Plaintiff's FAC are directed to individuals other than this Answering Defendant and therefore no answer is required and none is provided.

## GROSS NEGLIGENCE

5.22    In answering Paragraph 5.22 of Plaintiff's FAC, CoreCivic reasserts its answers to the foregoing paragraphs as if set forth fully herein.

5.23    CoreCivic denies the allegations in Paragraph 5.23 of Plaintiff's FAC.

5.24    CoreCivic denies the allegations in Paragraph 5.24 of Plaintiff's FAC.

5.25    CoreCivic denies the allegations in Paragraph 5.25 of Plaintiff's FAC.

5.26    CoreCivic denies the allegations in Paragraph 5.26 of Plaintiff's FAC.

## VI.  DAMAGES

6.1    In answering Paragraph 6.1 of Plaintiff's FAC, CoreCivic reasserts its answers to the foregoing paragraphs as if set forth fully herein.

6.2    CoreCivic denies the allegations in Paragraph 6.2 of Plaintiff's FAC.

6.3    CoreCivic denies the allegations in Paragraph 6.3 of Plaintiff's FAC.

6.4    CoreCivic denies the allegations in Paragraph 6.4 of Plaintiff's FAC.

6.5    CoreCivic denies the allegations in Paragraph 6.5 of Plaintiff's FAC.

## VII. JURY DEMAND

7.1    The allegations in 7.1 of Plaintiff's FAC are directed to individuals other than this Answering Defendant and therefore no answer is required and none is provided.

## REQUEST FOR RELIEF

Answering the Prayer for Relief of Plaintiff's FAC, CoreCivic denies all allegations of wrongdoing and denies that Plaintiff is entitled to any of the relief he seeks.

## AFFIRMATIVE DEFENSES

1. As a separate and alternative affirmative defense, CoreCivic alleges that Plaintiff's claims may be barred by the applicable statute of limitations.

2. As a separate and alternative affirmative defense, CoreCivic alleges that Plaintiff may not have fully and timely exhausted available administrative remedies prior to filing suit as required by the Prison Litigation Reform Act, thus entitling CoreCivic to dismissal of all claims asserted against it. *See* 42 U.S.C. § 1997e(a)-(c).

3. As a separate and alternative affirmative defense, CoreCivic alleges that it and its employees' conduct was not negligent and did not violate the applicable standard of care.

4. As a separate and alternative affirmative defense, CoreCivic alleges it did not breach any duty owed to Plaintiff or Decedent.

5. As a separate and alternative affirmative defense, CoreCivic alleges that it was not the actual or proximate cause of Plaintiff's or Decedent's alleged injuries.

6. As a separate and alternative affirmative defense, CoreCivic alleges that neither its operation nor any conduct of any of CoreCivic's employees caused Plaintiff's or Decedent's alleged injuries.

7. As a separate and alternative affirmative defense, CoreCivic alleges that its operation of EDC complies with the applicable standard of care.

8. As a separate and alternative affirmative defense, CoreCivic alleges that any acts or omissions by it or its employees were not a substantial factor in causing Plaintiff's or Decedent's alleged injuries.

9.      As a separate and alternative affirmative defense, CoreCivic alleges that Plaintiff's and Decedent's alleged injuries, if any, were proximately caused by an independent intervening/superseding cause for which CoreCivic is not liable.

10.     As a separate and alternative affirmative defense, CoreCivic alleges that Plaintiff's and Decedent's alleged injuries, if any, were caused by a third party over whom CoreCivic had no control.

11.     As a separate and alternative affirmative defense, CoreCivic alleges that third parties, including Shannon Medical Center and Decedent, are at fault for Plaintiff's and Decedent's alleged injuries and damages pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 33.044.

12.     As a separate and alternative affirmative defense, CoreCivic alleges that it is comparatively at fault, if at all, only for that portion of the negligence, if any, that can be attributed to it.

13.     As a separate and alternative affirmative defense, CoreCivic alleges that it and its employees acted in good faith and in a reasonable manner given the information and circumstances existing at the time.

14.     As a separate and alternative affirmative defense, CoreCivic alleges that if it was negligent, which negligence is specifically denied, then Decedent was also negligent in failing and/or neglecting to use that degree of care which would have been used by an ordinarily reasonable and prudent person under the same or similar circumstances and that such negligence proximately caused or contributed to cause all matters complained of in the FAC, thereby reducing the amount of Plaintiff's recovery for total damages by an amount proportionate to Decedent's degree of fault.

15.     As a separate and alternative affirmative defense, CoreCivic alleges that Plaintiff's and Decedent's injuries, losses, and damages, if any, were the result of the negligence or intentional act of someone other than CoreCivic, thereby reducing, or eliminating, any damages owed by CoreCivic.

16.     As a separate and alternative affirmative defense, CoreCivic alleges that any action by a CoreCivic employee was not negligent.

17.     As a separate and alternative affirmative defense, CoreCivic alleges that if a CoreCivic employee committed a negligent act, that employee was acting outside the scope of their employment.

18.     As a separate and alternative affirmative defense, CoreCivic alleges that it cannot be vicariously liable for the negligent conduct of an employee who was acting outside the scope of their employment.

19.     As a separate and alternative affirmative defense, CoreCivic alleges that Decedent failed to mitigate his damages.

20.     As a separate and alternative affirmative defense, CoreCivic alleges Decedent was solely or comparatively at fault for his and Plaintiff's alleged injuries.

21.     As a separate and alternative affirmative defense, CoreCivic alleges that the injury Decedent allegedly died from was either pre-existing or developed as a result of self-inflicted injury.

22.     As a separate and alternative affirmative defense, CoreCivic alleges that it did not commit wrongful or negligent conduct that proximately caused Decedent's death.

23.     As a separate and alternative affirmative defense, CoreCivic alleges that it did not commit a negligent act or omission that was a substantial factor in Decedent's death.

24.     As a separate and alternative affirmative defense, CoreCivic alleges that its employees did not commit a negligent act or omission that was a substantial factor in Decedent's death.

25.     As a separate and alternative affirmative defense, CoreCivic alleges that its employees did not commit wrongful or negligent conduct that proximately caused Decedent's death.

26.     As a separate and alternative affirmative defense, CoreCivic alleges that it did not negligently hire, train, supervise, or monitor its employees.

27.     As a separate and alternative affirmative defense, CoreCivic alleges that it did not negligently hire, train supervise, or monitor an unfit employee.

28.     As a separate and alternative affirmative defense, CoreCivic alleges that it did not engage in an act or omission that involved an extreme degree of risk, considering the probability and magnitude of the potential risk of harm to others.

29.     As a separate and alternative affirmative defense, CoreCivic alleges that its employees did not engage in an act or omission that involved an extreme degree of risk, considering the probability and magnitude of the potential risk of harm to others.

30.     As a separate and alternative affirmative defense, CoreCivic alleges that it did not have actual, subjective awareness of any risk.

31.     As a separate and alternative affirmative defense, CoreCivic alleges that its employees did not have actual, subjective awareness of any risk.

32.     As a separate and alternative affirmative defense, CoreCivic alleges that it did not proceed in conscious indifference to Plaintiff's or Decedent's rights, safety, or welfare.

33.     As a separate and alternative affirmative defense, CoreCivic alleges that its employees did not proceed in conscious indifference to Plaintiff's or Decedent's rights, safety, or welfare.

34.     As a separate and alternative affirmative defense, CoreCivic alleges that it did not authorize or ratify any employees' gross negligence.

35.     As a separate and alternative affirmative defense, CoreCivic alleges that it was not grossly negligent in hiring an unfit employee.

36.     As a separate and alternative affirmative defense, CoreCivic alleges that it did not commit gross negligence through a vice principal, such as a corporate officer or other employee with managerial duties.

11

37.    As a separate and alternative affirmative defense, CoreCivic alleges that it acted in a reasonably prudent manner to protect Decedent from known and foreseeable risks of harm.

38.    As a separate and alternative affirmative defense, CoreCivic alleges that it did not act with fraud, malice, or gross negligence.

39.    As a separate and alternative affirmative defense, CoreCivic alleges that this case is subject to all applicable damages caps, including but not limited to any medical claims and punitive damages.

40.    As a separate and alternative affirmative defense, CoreCivic alleges that any punitive damages are subject to the limitations delineated under T.C.A. Civil Practice & Remedies § 41.008.

41.    As a separate and alternative affirmative defense, CoreCivic alleges that it is entitled to all privileges and immunities extended to governmental entities and their contractors under federal and state law, including but not limited to sovereign immunity, absolute immunity, and qualified immunity.

42.    As a separate and alternative affirmative defense, CoreCivic puts Plaintiff on notice that future discovery may reveal additional facts which would support these and other affirmative defenses available to, but unknown by, CoreCivic, including those defenses set forth in Federal Rules of Civil Procedure 8, 12, and 19, including but not limited to statute of limitations, assumption of risk, contributory negligence, release, res judicata, waiver, failure to state a claim upon which relief may be granted, and failure to join a party.

## DEMAND FOR JURY TRIAL

CoreCivic demands a jury trial on all triable issues.

**WHEREFORE**, CoreCivic respectfully requests that:

A.    Plaintiff's FAC be dismissed with prejudice, and that Plaintiff take nothing therein;

12

B.    CoreCivic be awarded its costs, expenses, and attorneys' fees; and

C.    CoreCivic be awarded such other and further relief as this Court deems just and equitable.

Dated: April 17, 2024                         Respectfully submitted,

                                              STRUCK LOVE BOJANOWSKI & ACEDO, PLC

                                              By /s/ Kristina R. Rood
                                                  Daniel P. Struck, AZ Bar No. 012377
                                                  *Admitted Pro Hac Vice*
                                                  Kristina R. Rood, AZ Bar No. 035097
                                                  *Admitted Pro Hac Vice*
                                                  3100 West Ray Road, Suite 300
                                                  Chandler, Arizona 85226
                                                  Telephone: (480) 420-1600
                                                  Fax: (480) 420-1695
                                                  dstruck@strucklove.com
                                                  krood@strucklove.com

                                                  Larry W. Bale, TX Bar No. 01629830
                                                  HAY, WITTENBURG, DAVIS,
                                                  CALDWELL & BALE, L.L.P.
                                                  One East Twohig, Third Floor
                                                  P. O. Box 271
                                                  San Angelo, Texas 76902-0271
                                                  Telephone: (325) 658-2728
                                                  Fax: (325) 655-2278
                                                  lwb@hwdcb.com

                                                  *Attorneys for Defendant CoreCivic, Inc.*

13

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Manuel Guerra III
GUERRA LAW FIRM
320 Pecan Blvd.
McAllen, TX 78501
manuel@guerralawfirm.net
*Attorneys for Plaintiff*

Michael J. Griffin, III
GRIFFIN & GRIFFIN
18230 FM 1488, Ste. 330
Magnolia, TX 77354
michael@griffinandgriffin.us
*Attorneys for Plaintiff*

/s/ S. Berry