UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

MICHAEL OLAGUE, as dependent
administrator of the estate of Arturo
Martinez Olague,

      Plaintiff,

v.

  No. 6:22-CV-070-H

CORECIVIC, INC.,

      Defendant.

## ORDER TO SEAL

Before the Court is the defendant's unopposed motion for leave to file attachments under seal. Dkt. No. 112. Having considered the motion and the applicable law, the Court grants the motion in part. Pursuant to Local Civil Rule 79.3, the Clerk of Court shall file the EDC Daily Shift Reports (Dkt. No. 112-2) referenced in the defendant's motion under seal and shall not make it available for public inspection. However, the motion is overbroad as to the Intergovernmental Services Agreement (Dkt. No. 112-1). Thus, the defendant is directed to file a proposed redacted version of the agreement within 14 days of the date of this Order.

"Courts have recognized that the public has a common law right to inspect and copy judicial records[;] [h]owever, . . . [that] right is not absolute." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). "Thus, the common law . . . establishes a presumption of public access to judicial records." *Id.* A party may rebut this presumption by showing that "court files might . . . become a vehicle for improper purposes." *Id.* (quoting *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978)). A party may also rebut this presumption if

it establishes that sealing the records "is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enter. Co. v. Superior Ct. of Cal. for Riverside Cnty.*, 478 U.S. 1, 9 (1986) (quoting *Press-Enter. Co. v. Superior Ct.*, 464 U.S. 501, 510 (1984)). "In exercising its discretion to seal judicial records, [a] court must balance the public's common law right of access against the interests favoring nondisclosure." *Van Waeyenberghe*, 990 F.2d at 848. Additionally, "a court abuses its discretion if it . . . fails to 'articulate any reasons that would support sealing.'" *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (quoting *Van Waeyenberghe*, 990 F.2d at 849).

Here, the Court finds that the defendant's interest in keeping its security-sensitive information confidential outweighs the public's right to access the EDC Daily Shift Reports. The defendant argues that the EDC Daily Shift Reports contain security-sensitive information, such as inspection and staffing information, which would pose a safety and security risk to detainees, staff, contractors, and the public if disclosed. Dkt. Nos. 112 at 3; 112-2. A party's interest in protecting an individual's safety can outweigh the public's right of access. *See Binh Hoa Le*, 990 F.3d at 417, 419. The Court has reviewed the document and finds that sensitive information is contained throughout the document. The request is narrowly tailored to protect the defendant's interest. Thus, the motion to seal is granted as to the EDC Daily Shift Reports.

However, the Court finds that the defendant's request to seal the Intergovernmental Services Agreement is overbroad. The defendant argues that the Intergovernmental Services Agreement contains business and proprietary information, "such as the estimated number of federal beds available at [Eden Detention Center] and the per diem rate for housing detainees," which would cause competitive harm to its business if disclosed. Dkt. Nos. 112

– 2 –

at 2; 112-1 at 2. A party's "interest in protecting confidential business information," such as trade secrets, can outweigh the public's right of access to judicial records. *FirstBank Sw. v. Heartland Fin. USA, Inc.*, No. 2:21-CV-024-Z-BQ, 2021 WL 4047398, at *2 (N.D. Tex. Sept. 2, 2021); *see also Binh Hoa Le*, 990 F.3d at 419. The defendant also argues that the agreement contains security-sensitive information, such as "the security requirements for transferring detainees off-site." Dkt. Nos. 112 at 2 n.3; 112-1 at 7–9. As discussed above, the defendant's interest in the safety of detainees and staff can outweigh the public's right of access. *See Binh Hoa Le*, 990 F.3d at 417, 419. However, the relief requested—sealing the entire document—is not narrowly tailored to the defendant's interests, because the sensitive information is not contained throughout the Intergovernmental Services Agreement. Thus, within 14 days of the date of this Order, the defendant is directed to file a proposed redacted version of the Intergovernmental Services Agreement as an exhibit to its motion for summary judgment. The proposed version should redact the information identified in the motion to seal as business, proprietary, or security-sensitive information. The unredacted version of the agreement will remain under seal, unless the defendant fails to file a proposed redacted version, in which case the unredacted version will be unsealed.

In sum, the Court grants in part the motion to seal (Dkt. No. 112). The Clerk of Court is directed to detach the EDC Daily Shift Reports (Dkt. No. 112-2) from the motion to seal and to file it as a separate docket entry under seal. The defendant is directed to file a proposed redacted version of the Intergovernmental Services Agreement (Dkt. No. 112-1) within 14 days of the date of this Order.

So ordered on June _21_, 2024.

_____

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE