UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

MICHAEL OLAGUE, as dependent
administrator of the estate of Arturo
Martinez Olague,

      Plaintiff,

v.                             No. 6:22-CV-070-H

CORECIVIC, INC.,

      Defendant.

## ORDER

This is a wrongful death and survival suit brought by a deceased detainee's estate and statutory beneficiaries against CoreCivic, Inc., the owner and operator of Eden Detention Center (EDC). The plaintiff, Michael Anthony Olague, as the dependent administrator of the estate of Arturo Martinez Olague (the decedent), asserts that the defendant was grossly negligent and is vicariously liable for its employees' alleged conduct.

Before the Court is the defendant's motion for leave to designate responsible third parties. Dkt. No. 52. The defendant seeks to designate both the decedent and Shannon Medical Center—the hospital to which the decedent was initially transferred from EDC—as responsible third parties. The plaintiff asserts that the decedent is not a true third party in the claims at issue and, in any event, the defendant's request to designate a responsible third party is untimely. The Court concludes that, regardless of the timing of the designation, the decedent cannot be designated as a responsible third party because he is a claimant for purposes of the plaintiff's claims. But as to Shannon Medical Center, the motion for leave is timely under Texas Civil Practice & Remedies Code § 33.004. Thus, the Court denies the motion as to the decedent but grants the motion as to Shannon Medical Center.

1.    **Factual and Procedural Background**

A.    **Plaintiff's Factual Allegations[1]**

The plaintiff, Michael Anthony Olague, is the dependent administrator of the estate of his father, Arturo Martinez Olague, who died while he was a detainee in the custody of EDC.  Dkt. No. 14 ¶¶ 1.1, 1.4, 3.1–3.2.  The plaintiff brings claims on behalf of the estate, himself, and his three siblings, the other statutory beneficiaries.  *Id.* ¶¶ 3.1–3.2.

The defendant, CoreCivic, Inc., pursuant to a contract with the Federal Bureau of Prisons, owns and operates EDC, a medium-security facility housing males detained by the federal government for immigration-related offenses.  *Id.* ¶ 4.1.  EDC is located in Eden, Texas.  *Id.*  The closest medical facility to EDC is Shannon Medical Center in San Angelo, Texas, which is approximately a 43-minute drive from EDC.  *Id.*

The decedent was transferred to EDC on December 2, 2020, to serve a sentence for an immigration-relation offense.  *Id.* ¶ 4.2.  Upon the decedent's arrival at EDC, the facility received the decedent's recent medical records, which indicated that he suffered from hemophilia—a "genetic disorder which prevents blood from clotting normally."  *Id.* ¶ 4.3.  Additionally, the medical records stated that the decedent was prone to seizures.  *Id.*  The decedent's seizures required hospitalization in July 2020, and, on another occasion, resulted in a fall that broke three of his ribs.  *Id.*

On January 23, 2021, the decedent was involved in a "physical altercation" with an EDC detention officer, Spurgin.  *Id.* ¶ 4.6.  The following day, EDC personnel observed the decedent "lying on the floor after a fall."  *Id.* ¶ 4.7.  When the decedent attempted to climb back into his bunk, he struck his head on the metal bunk, resulting in a concussion.  *Id.*  As a

---

[1] The factual allegations are taken from the plaintiff's first amended complaint (Dkt. No. 14).

result, he was transported to Shannon Medical Center for emergency care.  *Id.*  Following this injury, EDC employees "implemented a program to monitor [the d]ecedent."  *Id.* ¶ 4.8.

Four days later, on January 28, the decedent fell from his bunk.  *Id.* ¶ 4.10.  The decedent remained conscious after this fall "for a considerable amount of time . . . during which time [the d]ecedent complained of a headache, and attempted to get up from his bunk."  *Id.*  The plaintiff alleges that two EDC employees discovered the decedent in this condition at approximately 12:37 a.m., but an EDC nurse practitioner "failed to ensure that [the d]ecedent was delivered to an appropriate healthcare facility, in an appropriate manner."  *Id.*  Instead, certain CoreCivic employees working at EDC, including the nurse practitioner, transferred the decedent via a ground ambulance to Shannon Medical Center in San Angelo.  *Id.* ¶ 4.11.

The decedent arrived at Shannon Medical Center at 2:06 a.m.  *Id.*  The plaintiff alleges that Shannon Medical Center did not have the "proper facilities to treat injured hemophiliacs (including appropriate lab tests, hematology expertise, and adequate supplies of factor IX, an artificial coagulant)."  *Id.*  Accordingly, Shannon Medical Center transferred the decedent via air ambulance to St. David's South Austin Medical Center in Austin, Texas, 200 miles away.  *Id.*  St. David's "assume[d] control of [the d]ecedent's care [at] 8:31 a.m."  *Id.*

The decedent passed away on February 2, 2021.  *Id.* ¶ 4.14.  The medical examiner listed the sole cause of the decedent's death as "blunt head trauma."  *Id.*  The plaintiff contends that the decedent's death was proximately caused by the defendant's failure to "preemptively protect" the hemophiliac decedent from injury and properly treat the decedent after injury.  *Id.*

The plaintiff claims the care the decedent received was inappropriate because the defendant, despite its knowledge of the decedent's hemophilia and "long prior history of fall-related injuries," (1) chose to detain the decedent at EDC despite its "lack of proximity to medical facilities able to supply appropriate care," *id.* ¶ 4.12; (2) failed to "preemptively protect hemophiliac detainees such as [the decedent] from injury, including head injuries," *id.* ¶ 4.14; (3) chose to send the decedent to Shannon Medical Center after his injury on January 28, despite the fact that the defendant "knew or should have known that such facility was unable to adequately care for injured hemophiliacs," *id.* ¶ 4.12; and (4) chose to transport the decedent to Shannon Medical Center via ground ambulance, which allegedly resulted in an approximately hour-and-a-half delay in receiving medical treatment, *id.* The plaintiff further claims that, upon information and belief, the defendant's decisions about the decedent's care were "shared with upper-level CoreCivic vice principals, rather than those lower-level CoreCivic personnel who were on duty at [EDC]" due to "the significant financial costs involved in transporting and treating injured hemophiliac detainees (such as [the d]ecedent) at far-off healthcare facilities." *See id.* ¶ 4.13.

Based on these alleged actions of the defendant's employees, the plaintiff's first amended complaint asserts wrongful death and survival claims, arguing that the defendant failed to: (1) "properly hire, train, monitor and/or supervise its agents or employees" at EDC; and (2) "properly adopt, implement, and/or enforce proper policies and procedures regarding both preemptively safeguarding and adequately treating injured hemophiliac detainees." *Id.* ¶¶ 5.3–5.4; *see also id.* ¶¶ 5.7–5.17. The plaintiff also alleges that the defendant is vicariously liable under the doctrine of respondeat superior for the allegedly negligent conduct of its employees who failed to preemptively protect the decedent from

foreseeable head injuries and failed to properly diagnose and treat such injuries. *Id.* ¶¶ 5.5–5.6, 5.18–5.21. Based on this alleged conduct, the plaintiff also asserts that the defendant was grossly negligent and seeks punitive damages. *See id.* ¶¶ 5.22–5.26.

### B.   Procedural History

On December 3, 2021, the plaintiff and the decedent's other biological children filed suit (the original suit), alleging wrongful death and gross negligence claims against the defendant. *See* Pls.' Original Compl. at 3–8, *Olague v. CoreCivic, Inc.*, No. 6:21-CV-071 (N.D. Tex. Dec. 3, 2021), Dkt. No. 1. The court dismissed the original suit without prejudice because the decedent's biological children lacked standing to bring claims under the Texas Survival Statute. *See* Order at 2, *Olague*, No. 6:21-CV-071 (N.D. Tex. Sept. 6, 2022), Dkt. No. 20 (Cummings, J.).

Following the dismissal of the original suit, the plaintiff was appointed as the dependent administrator of the decedent's estate. Dkt. Nos. 1-1 at 1; 14 ¶ 3.1. On December 21, 2022, the plaintiff filed this suit on behalf of the decedent's estate and statutory beneficiaries. Dkt. No. 1. On February 14, 2023, the defendant filed a motion to dismiss all of the plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 10. On March 6, the plaintiff filed a response to the defendant's motion to dismiss (Dkt. No. 15) and his first amended complaint (Dkt. No. 14). The defendant moved to dismiss the first amended complaint on March 27. Dkt. No. 27. Consequently, the Court denied the defendant's first motion to dismiss as moot. Dkt. No. 34.

In the meantime, on March 23, the parties' each served their initial disclosures. *See* Dkt. Nos. 23–24. The defendant contends that its disclosures included medical records from Shannon Medical Center that documented the treatment Shannon Medical Center

provided to the decedent on January 24, 2021, but that it did not have medical records from Shannon Medical Center for the decedent's visit on January 28, 2021.  Dkt. No. 52 at 5–6.  The defendant avers that it received Shannon Medical Center medical records for the January 28 visit with the plaintiff's initial disclosures.  *Id.* at 6; *see also* Dkt. No. 52-3 at 7.

On April 5, 2023, the Court issued a scheduling order.  Dkt. No. 29.  On June 2, 2023, the plaintiff attempted to file a second amended complaint without the defendant's written consent or leave of court.[2]  *See* Dkt. No. 37.  On June 13, the plaintiff filed his opposed motion for leave to file the second amended complaint.  Dkt. No. 38.

On March 20, 2024, the Court denied the plaintiff leave to file the second amended complaint and granted the motion to dismiss only as to any wrongful death claims stemming from the allegations against one EDC employee, Officer Spurgin.  Dkt. No. 76.  On April 17, 2024, the defendant answered the first amended complaint and asserted that the decedent and Shannon Medical Center were responsible for the alleged injuries and damages.  Dkt. No. 92 at 9.

C.    Pending Motion

Before the Court is the defendant's motion for leave to designate the decedent and Shannon Medical Center as responsible third parties pursuant to Texas Civil Practice and Remedies Code § 33.004 (Dkt. No. 52).  The plaintiff responded (Dkt. No. 54), and the defendant replied (Dkt. No. 60).  Accordingly, the motion is ripe for review.

The parties agree that the statute of limitations on all claims ran on February 2, 2023.  See Dkt. Nos. 52 at 8; 54 at 2.  The defendant does not contend that it disclosed the decedent or Shannon Medical Center as potential responsible third parties prior to the

---

[2] The Clerk of Court later withdrew the plaintiff's second amended complaint.  *See* Dkt. No. 37.

expiration of the statute of limitations or in its initial disclosures on March 23, 2023. *See* Dkt. No. 52 at 5–6, 9.

Rather, the defendant contends it put the plaintiff on notice of the potential designation of the decedent as soon as it possibly could—in "its first responsive pleading," the motion to dismiss the first amended complaint filed in March 2023. Dkt. No. 60 at 2–3; *see also* Dkt. No. 27 at 12 n.2. The defendant also argues it gave adequate notice of this potential designation in its written discovery responses on May 17, 2023. *See* Dkt. No. 52 at 6–7. Specifically, the defendant contends it put the plaintiff on notice when it stated in its responses to the plaintiff's interrogatories that the injury the decedent sustained on January 24, 2021, was self-inflicted. *See* Dkt. Nos. 52 at 6–7; 52-4 at 5–6.

Additionally, the defendant states that on September 26, 2023, it notified the plaintiff's counsel by email that it intended to designate Shannon Medical Center as a responsible third party. Dkt. No. 60-1 at 2. It argues that it was initially informed by the plaintiff that Shannon Medical Center might be a responsible third party on March 6 and 23 of 2023 in the plaintiff's first amended complaint and initial disclosures. Dkt. No. 52 at 9. More specifically, the defendant states that the plaintiff alleged in his first amended complaint that Shannon Medical Center "lacked the proper facilities to treat injured hemophiliacs." Dkt. Nos. 52 at 8; 14 ¶ 4.11. Following these filings, the defendant states that it served a subpoena on Shannon Medical Center on May 2, 2023, and requested all of the decedent's medical records by June 2, 2023. Dkt. No. 52 at 8–9. The defendant maintains that the records received from this request "confirm Shannon Medical Center's potential role in [the d]ecedent's death." *Id.* at 9. In particular, the records indicate that Shannon Medical Center waited over four hours to transfer the decedent to the medical

center in Austin, resulting in a "delay . . . [that] may have caused and/or contributed to [the decedent's] death." *Id.* In short, the defendant argues that "it could not have disclosed Shannon Medical Center as a responsible third party prior to the expiration of the statute of limitations, as [the d]efendant was not on notice of Shannon Medical Center's role" until the plaintiff "first disclosed Shannon Medical Center's possible role in [the d]ecedent's death" on March 6 and 23 of 2023. *Id.*[3]

The plaintiff counters that the defendant cannot name the decedent as a responsible third party because the plaintiff is representing the decedent's rights, and any contributory negligence should instead reduce any award of damages. Dkt. No. 54 at 2. Additionally, the plaintiff asserts that the defendant's motion is untimely under the applicable Texas statute. *Id.*

**2.    Legal Standard for Motion to Designate Responsible Third Parties**

Consistent with district courts across the Fifth Circuit, this Court applies Chapter 33 of the Texas Civil Practice and Remedies Code "to federal diversity cases under the *Erie* Doctrine, as it is state substantive law that does not conflict with Rule 14 of the Federal Rules of Civil Procedure, the closest federal procedural counterpart." *Gutierrez v. Tractor Supply Co.*, Civ. No. H-15-778, 2018 WL 3055752, at *1 (S.D. Tex. June 20, 2018) (Rosenthal, C.J.) (quotation omitted); *see also Sustainable Modular Mgmt., Inc. v. Travelers Lloyds Ins. Co.*, No. 3:20-CV-1883-D, 2022 WL 504455, at *1 n.1 (N.D. Tex. Feb. 18, 2022) (Fitzwater, J.); *Mavuninu-Jean v. Reyes*, No. 3:19-CV-1571-B, 2019 WL 5963886, at *1 (N.D.

---

[3] The defendant also points out that, at the time of this motion, it had not yet filed an answer to the live pleading because the motion to dismiss and motion for leave to file a second amended complaint were still pending before the Court. *Id.* at 10.

Tex. Nov. 13, 2019) (Boyle, J.).  "Under Chapter 33 of the Texas Civil Practice and Remedies Code, a defendant who is sued in tort . . . may reduce his liability by a percentage of responsibility attributed to a responsible third party." *Sustainable Modular Mgmt., Inc.*, 2022 WL 504455, at *2 (quoting *Mavuninu-Jean*, 2019 WL 5963886, at *1); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 33.002.  To avail itself of the statute, a defendant must file a motion for leave to designate that person as a responsible third party, which the court "shall grant" unless another party files an objection to the motion.  Tex. Civ. Prac. & Rem. Code Ann. § 33.004(a), (f); *see also Mavuninu-Jean*, 2019 WL 5963886, at *2 (concluding that where there is no opposition to a motion for leave to designate a responsible third party, a court must grant the motion).

### 3. Analysis

The Court first finds that the decedent cannot be designated as a responsible third party because he is a "claimant" within the meaning of the statute.  Next, the Court finds that, because the defendant complied with the applicable procedural deadlines and the plaintiff filed suit just before the expiration of the statute of limitations, the motion for leave to designate responsible third parties was timely.  Thus, the Court denies the motion as to the decedent but grants the defendant leave to designate Shannon Medical Center as a responsible third party.

**A.**    **The Court finds that the decedent is a claimant for purposes of the Texas proportionate-responsibility statute and denies the request to designate the decedent as a responsible third party.**

The plaintiff argues that the defendant cannot designate the decedent as a responsible third party because the claims asserted by the plaintiff, as the administrator of the estate, are claims brought on the decedent's behalf. Dkt. No. 54 at 2. Therefore, designating the decedent as a responsible third party would, in essence, be asserting liability against himself. *Id.*

"Chapter 33 [of the Texas Civil Practice and Remedies Code] allows defendants to designate responsible third parties in tort actions." *Guadian v. Debtblue LLC*, No. EP-23-CV-329-KC, 2024 WL 89446, at *2 (W.D. Tex. Jan. 8, 2024) (citing Tex. Civ. Prac. & Rem. Code Ann. § 33.002(a)(1)). And the Texas proportionate-responsibility statute requires the factfinder to assign percentages of responsibility to each party "with respect to each person's causing or contributing to cause in any way the harm for which recovery of damages is sought," including responsible third parties and claimants. Tex. Civ. Prac. & Rem. Code Ann. § 33.003(a). Within the same chapter, the statute further distinguishes a "claimant" from a "responsible third party" when defining each term. *See id.* § 33.011(1), (6). Generally, "'[c]laimant' means a person seeking recovery of damages, including a plaintiff, counterclaimant, cross-claimant, or third-party plaintiff." *Id.* § 33.011(1). And in a wrongful death and survival action like this one, "'claimant' includes . . . the person who was injured, was harmed, or died" and "any person who is seeking, has sought, or could seek recovery of damages for the injury, harm, or death of that person or for the damage to the property of that person." *Id.* On the other hand, "'[r]esponsible third party' means any person who is alleged to have caused or contributed

to causing in any way the harm for which recovery of damages is sought . . . ." *Id.*
§ 33.011(6).

Although the definition of "claimant" includes "any person who is
seeking . . . recovery of damages," district courts in the Fifth Circuit have not reached a
consensus on whether a plaintiff can also be designated as a responsible third party under
Texas law. *Guadian*, 2024 WL 89446, at *4. Courts in the Northern District of Texas
allowing designation of a plaintiff as a responsible third party have done so in limited
circumstances. For example, in *Aguirre v. Home Depot U.S.A., Inc.*, the court allowed the
designation of a plaintiff—a mother who sued the defendant individually for her own
alleged damages and as next friend of her minor children—as a responsible third party.
No. 2:19-CV-213-Z-BR, 2020 WL 10762302, at *1–2 (N.D. Tex. Sept. 21, 2020). The
defendant sought leave to designate the plaintiff as a responsible third party, and the plaintiff
did not respond or otherwise object to the motion. *Id.* at *1. The court in *Aguirre* did not
address whether it was appropriate to designate a plaintiff as a responsible third party with
respect to her own claims but, rather, found that granting the motion was compulsory
because the Texas statute states that a court "shall grant" a motion for leave to designate
absent an objection by the other party. *Id.* at *2.

Another district court faced with a similar motion for leave to designate a plaintiff
suing both individually and as the next friend of minor children also allowed the plaintiff to
be designated as a responsible third party, this time over the plaintiff's objection. *Oliva v.
USA Truck, Inc.*, No. 3:18-CV-2814-E, 2019 WL 7756355, at *1, 10 (N.D. Tex. Nov. 15,
2019), *report and recommendation adopted by* 2020 WL 418890 (N.D. Tex. Jan. 27, 2020).
However, the court limited the designation of the plaintiff as a responsible third party "to

– 11 –

the claims of the minors." *Id.* at *10.  Notably, the court made this distinction based on timeliness and the applicable statutes of limitations for the plaintiff's claims versus the minors' claims, without specifically addressing whether it is appropriate under the Texas proportionate-responsibility statute to designate a plaintiff as a responsible third party with respect to her own claims.  *See generally id.* at *1, 4, 9–10.

Other courts have found that a plaintiff is already a "claimant" under the Texas statute governing proportionate responsibility and cannot simultaneously be designated as a responsible third party.  *See, e.g.*, *Norman v. Bodum USA, Inc.*, No. SA-19-CV-00494-XR, 2021 WL 1318006, at *1 (W.D. Tex. Apr. 8, 2021); *Akins v. Riddell, Inc.*, No. 5:19-CV-121-RWS-CMC, 2021 WL 12137599, at *6 (E.D. Tex. Jan. 13, 2021); *see also* Tex. Civ. Prac. & Rem. Code Ann. §§ 33.003(a), 33.011.  One court declined to designate a plaintiff as a responsible third party and relied, in part, on the plain language of the statute, which includes "'claimant[]' apart from 'responsible third party.'"  *Guadian*, 2024 WL 89446, at *4.  Similarly, when deciding whether a defendant may concurrently be a responsible third party, a Texas court noted "the straightforward construction that 'third party' means a party that is not otherwise a party to the litigation.'"  *In re CVR Energy, Inc.*, 500 S.W.3d 67, 75–78 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding [mand. denied]).

This case presents a unique issue in that the defendant is not seeking to designate a plaintiff as a responsible third party but, rather, the decedent from whom the wrongful death and survival claims derive.[4]  Texas law distinguishes the two types of claims: a wrongful

---

[4] As noted in the Court's order on the motion to dismiss, the plaintiff has properly pled certain claims for wrongful death and survival.  *See* Dkt. No. 76.

death claim is bought by and in favor of the decedent's heirs to compensate for damages and future losses suffered by the heirs, Tex. Civ. Prac. & Rem. Code Ann. §§ 71.002–004, while a survival claim is the personal injury claim a decedent would have had if they had remained alive and survives to the decedent's heirs, legal representatives, or estate, *id.* § 71.021. Put another way, "[w]rongful death claimants sue to recover their own damages resulting from the decedent's wrongful death" while "[s]urvival action claimants . . . seek recovery for the personal injuries, pain and suffering, mental anguish, and other damages the decedent sustained before his death." *Livingston v. Gregurek*, 650 S.W.3d 721, 726 (Tex. App.—Houston [14th Dist.] 2022, no pet.); *see also Shanks v. Swift Transp. Co.*, No. L-07-55, 2008 WL 2513056, at *6–7 (S.D. Tex. June 18, 2008) (finding that, under Texas law, "the [wrongful death] action never belonged to the decedent, but only arose as a result of the injured party's death," while a survival action is "'wholly derivative' of the rights of the decedent") (quotation omitted)).

Like the courts who have found that a plaintiff cannot also be named as a responsible third party, the Court finds that, by the plain language of the Texas proportionate-responsibility statute, the decedent, as a "claimant," should not be designated as a responsible third party. When a party seeks "recovery of damages for injury to another person, . . . death of another person, or other harm to another person," the person who died is a claimant. Tex. Civ. Prac. & Rem. Code Ann. § 33.011(1). Here, the plaintiff seeks damages for the injury to and death of the decedent. Thus, the decedent is a claimant. And as a claimant, the decedent is already subject to apportionment of responsibility for "causing or contributing to cause in any way the harm for which recovery of damages is sought." *Id.* § 33.003(a). "A party cannot simultaneously be a party claimant and a responsible third

– 13 –

party, and designation of an existing party as a responsible third party is redundant and potentially confusing." *Norman*, 2021 WL 1318006, at *1.

The cases within the Northern District allowing designation of a plaintiff as a responsible third party do not alter this result, because those courts granted leave to designate a responsible third party under different circumstances. In *Aguirre*, the opposing party did not file a response or objection to the motion to designate a responsible third party, and the court therefore found granting the motion compulsory under the plain language of the Texas statute. 2020 WL 10762302, at *2. Here, the Court is not required to grant the motion, because the opposing party timely filed a response objecting to the request to designate. *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.004(f); Dkt. No. 54. Likewise, in *Oliva*, the court's analysis turned on whether the motion was timely as to certain claims whose statute of limitations had expired. 2019 WL7756355, at *9–10. And finding it timely, the court granted the motion because "[the p]laintiffs have not established any other basis to deny leave to designate as [the d]efendants request." *Id.* at *10. The plaintiff in this case instead argues that designation of the decedent as a responsible third party is inappropriate because he is not a third party, Dkt. No. 54 at 2, an objection neither the *Aguirre* or *Oliva* courts were asked to address. *See generally* 2020 WL 10762302; 2019 WL7756355.

Additionally, and possibly in anticipation of this outcome, the defendant states in its reply that if the Court does not allow designation of the decedent as a responsible third party, it "intends to assert that [the decedent] was proportionally responsible for his own injuries." Dkt. No. 60 at 5 n.3; *see also* Dkt. No. 92 at 9 (asserting that the decedent is at fault for his and the plaintiff's injuries and damages and that the defendant was only

– 14 –

comparatively negligent).  The Court finds this is the more appropriate mechanism by which to determine whether the decedent was proportionately responsible for his own injuries and declines to designate him as a responsible third party.

> **B.      The Court grants the defendant's request to designate Shannon Medical Center as a responsible third party because the request was timely.**

The plaintiff next argues that the defendant cannot designate responsible third parties after the expiration of the statute of limitations because courts only allow such designations in "highly unusual situations."  Dkt. No. 54 at 2.  The defendant counters that its motion is timely even though the statute of limitations expired prior to filing the motion because the plaintiff filed suit "so close to the expiration of the statute of limitations" that the defendant "did not have adequate time to discover and designate responsible third parties" before the statute of limitations ran.  Dkt. No. 60 at 2.

With respect to timeliness when designating a responsible third party, the relevant portion of the Texas statute states that a defendant "may seek to designate a person as a responsible third party . . . on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date."  Tex. Civ. Prac. & Rem. Code Ann. § 33.004(a).  Additionally, the statute does not allow a defendant to designate a responsible third party after the statute of limitations "on the [claimant's] cause of action has expired with respect to the responsible third party if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure."  *Id.* § 33.004(d).  This Court has found that the timeliness requirement in Section 33.004 is substantive state law and applicable under *Erie* when deciding motions to designate a responsible third party.

*Golden Spread Elec. Coop., Inc. v. GE Grid Sols.*, No. 5:19-CV-167-H, 2020 WL 13429869, at *1–2 (N.D. Tex. Mar. 31, 2020) (Hendrix, J.).

The Court finds that the designation of Shannon Medical Center as a responsible third party is timely under Section 33.004 and grants the defendant's motion.  Foremost, the motion for leave to designate responsible third parties was filed on November 1, 2023, well over 60 days before the September 2024 trial date.[5]  Dkt. Nos. 29; 52.  Thus, the first requirement is met.  *See* Tex. Civ. Prac. & Rem. Code § 33.004(a).  Next, because the motion was filed after the expiration of the statute of limitations in February 2023, the Court must also evaluate whether the defendant "failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure."  *Id.* § 33.004(d).

Chapter 33 does not define what it means for a defendant to timely disclose that a particular person may be designated.  *Golden Spread Elec. Coop., Inc.*, 2020 WL 13429869, at *1–2.  So, "[t]imeliness is determined in every trial court on a case by case basis."  *Id.* (quoting *Withers v. Schneider Nat'l Carriers, Inc.*, 13 F. Supp. 3d 686, 691 (E.D. Tex. 2014)).  Additionally, although the Texas Supreme Court has also not defined what constitutes "timely" disclosure under Section 33.004, it has stated that the purpose of this section is to "prevent[] a defendant from delaying a third-party designation beyond the limitations period in order to deprive the plaintiff of an opportunity to sue the third party."  *In re YRC Inc.*, 646 S.W.3d 805, 809 (Tex. 2022).

---

[5] The trial was later reset for October 15, 2024.  Dkt. No. 87.  At the time of this motion, however, the trial date was September 9, 2024.  Dkt. No. 29.

Moreover, this Court has noted that "[c]ourts which have allowed the designation of a responsible third party after the expiration of the statute of limitations have done so typically in limited circumstances where the plaintiff filed suit within days of the expiration of the statute of limitations." *Golden Spread Elec. Coop., Inc.*, 2020 WL 13429869, at *2 (quoting *Oliva*, 2019 WL 7756355, at *2). In *Golden Spread Electric Cooperative, Inc.*, the Court allowed designation of a responsible third party after the expiration of the statute of limitations, finding that "this may be a case where [the defendant] never had a chance to designate responsible third parties within the statute of limitations because the statute of limitations had already expired by the time the action was filed . . . [or the plaintiff] narrowly made the [filing] deadline." *Id.* Thus, the Court found that the defendant timely disclosed its intent to designate responsible third parties by identifying those parties "as soon as it could" in its first responsive pleading to the complaint. *Id.*

Here, the Court likewise finds that the defendant complied with all disclosure requirements and that the motion, even though filed after the expiration of the statute of limitations, is therefore timely. The plaintiff filed the original complaint on December 21, 2022, Dkt. No. 1, only 43 days prior to the expiration of the statute of limitations on February 2, 2023, *see id.* at 6. The plaintiff argues that this was "well before limitations ran." Dkt. No. 54 at 3. However, the defendant was not served until January 10, 2023, Dkt. No. 9 at 2, allowing only 23 days to investigate and designate potential responsible third parties prior to the expiration of limitations. *Cf. In re EAN Holdings, LLC*, No. 08-23-081-CV, --- S.W.3d ---, 2024 WL 2964174, at *2 (Tex. App.—El Paso June 12, 2024) (taking into account that, although the complaint was filed prior to the expiration of the statute of limitations, the defendant was served after its expiration). Although other

– 17 –

federal and state courts in Texas have typically allowed designation in cases where the suit was filed even closer to the expiration of the statute of limitations,[6] the reasoning is still applicable here, because the defendant had little time to investigate and designate responsible third parties before the expiration of the statute of limitations.

Moreover, the Texas Supreme Court has been clear that a party is not required to disclose a potential responsible third party prior to the expiration of the statute of limitations if the applicable rules of procedure make such disclosures due after the expiration of limitations. *In re Mobile Mini, Inc.*, 596 S.W.3d 781, 785–87 (Tex. 2020). Regardless of whether Texas or federal rules of procedure apply, neither disclosure deadline fell prior to the expiration of limitations in this case. *See* Tex. R. Civ. P. 194.2(a)–(b) (requiring disclosure of potential responsible parties within 30 days of the filing of the first answer or general appearance); Fed. R. Civ. P. 26(a)(1)(A)(i), (c) (requiring identification of individuals likely to have discoverable information that may be used to support a party's claims within 14 days of a Rule 26(f) scheduling conference). Here, the deadlines for both the defendant's answer and the scheduling conference occurred after the expiration of the statute of limitations, *see* Dkt. Nos. 9; 10; 12, so the disclosure deadlines under both federal and state rules fell after limitations expired. Thus, even though the plaintiff filed suit before to the statute of limitations ran, the defendant had no obligation to disclose potential third

---

[6] *See, e.g.*, *Golden Spread Elec. Coop., Inc.*, 2020 WL 13429869, at *2 (suit likely filed after expiration of limitations); *Spencer v. BMW of N. Am., LLC*, No. 5:14-CV-869-DAE, 2015 WL 1529773, at *2 n.4 (W.D. Tex. Apr. 2, 2015) (suit filed eight days before limitations expired); *Curlee v. United Parcel Serv., Inc.*, No. 3:13-cv-00344-P, 2014 WL 11516541, at *2 (N.D. Tex. Dec. 12, 2014) (suit filed one day before limitations expired); *In re MAF Indus., Inc.*, No. 13-20-255-CV, 2020 WL 6158248, at *1 (Tex. App.—Corpus Christi–Edinburg Oct. 19, 2020) (orig. proceeding) (suit filed the day limitations expired); *cf. In re Bertrand*, 602 S.W.3d 691, 694, 704 (Tex. App.—Fort Worth 2020) (orig. proceeding) (suit filed 50 days before limitations expired).

parties before its expiration.  *See In re Mobile Mini, Inc.*, 596 S.W.3d at 785–87.  Had the plaintiff filed suit earlier, the defendant could have had disclosure obligations prior to the expiration of the statute of limitations; consequently, "it was the plaintiff['s] conduct in the timing of the[] suit filing . . . which failed to create a duty to disclose potential responsible third parties by the defendant[] before limitations expired."  *In re Bertrand*, 602 S.W.3d 691, 704 (Tex. App.—Fort Worth 2020) (orig. proceeding); *see also Pool v. United States*, No. 3:23-CV-074-K, 2023 WL 7986338, at *3 (N.D. Tex. Nov. 17, 2023)  ("The [defendant's] designation is timely under [Section 33.004's] disclosure exception to the claim-specific deadline because the [defendant] complied with all relevant disclosure obligations.").

Additionally, the Court rejects the plaintiff's argument that the defendant's motion is untimely because it delayed in seeking to designate Shannon Medical Center until approximately seven months after the expiration of the statute of limitations.  Dkt. No. 54 at 3.  Texas courts have found that "a defendant's discovery conduct occurring *solely* after expiration of the plaintiff's limitations period against the responsible third party is immaterial to the issue of timely disclosure for purposes of Section 33.004(d)."  *In re EAN Holdings, LLC*, 2024 WL 2964174, at *3 (emphasis in original).  "No authority supports the conclusion that Section 33.004(d) was intended to serve as a statutory discovery sanction for conduct solely occurring after limitations had expired."  *In re Bertrand*, 602 S.W.3d at 705. This reflects the statute's purpose of preventing a defendant from thwarting a plaintiff's ability to sue a responsible party by disclosing a potential party after the statute of limitations expires.  *Id.*  There is no allegation of gamesmanship on the part of the defendant in its seemingly delayed designation of Shannon Medical Center.  And denying the

requested designation based on the defendant's delay from the expiration of the statute of limitations on February 2, 2023, until its disclosures on September 26, 2023, does nothing to further the objective of the statute. *Cf. In re YRC Inc.*, 646 S.W.3d at 809 (interpreting Section 33.004 in a manner "compatible with the Legislature's goal—evident from the statutory text—of preventing a defendant from delaying a third-party designation beyond the limitations period in order to deprive the plaintiff of an opportunity to sue the third party").

In sum, because the plaintiff filed suit shortly before the expiration of the statute of limitations and the defendant complied with all applicable disclosure requirements, the Court finds the defendant's motion for leave to designate responsible third parties timely under Section 33.004 and grants it with respect to Shannon Medical Center.

**4.     Conclusion**

For these reasons, the Court grants in part and denies in part the defendant's motion for leave to designate responsible third parties (Dkt. No. 52).  The Court first finds that the decedent is already a claimant in the suit for purposes of the Texas proportionate-responsibility statute and denies the defendant's request to designate him as a responsible third party.  Conversely, the Court finds that the defendant's request to designate Shannon Medical Center as a responsible third party was timely and grants the defendant's motion as to Shannon Medical Center.

So ordered on August 8, 2024.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

– 20 –