UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| MICHAEL OLAGUE, as dependent administrator of the estate of Arturo Martinez Olague, | | |
| Plaintiff, | | |
| v. | | No. 6:22-CV-070-H |
| CORECIVIC, INC., | | |
| Defendant. | | |

# ORDER

Before the Court are CoreCivic's motion for summary judgment (Dkt. No. 114), CoreCivic's *Daubert* motions to exclude the testimony of Dr. Kelty Baker (Dkt. No. 117) and Dr. Barry Mills (Dkt. No. 118), and CoreCivic's motion to strike (Dkt. No. 132). Having reviewed the parties' briefing on each motion, the Court makes the following determinations:

CoreCivic's motion to strike (Dkt. No. 132) is denied as to CoreCivic's request to strike the plaintiff's untimely designation of non-retained experts Dr. Ivens, Dr. Castro, and RN Cunningham. The Court understands from the plaintiff's response to the motion to strike that the plaintiff intends to call these non-retained experts as treating-physician experts. *See* Dkt. No. 134 at 7–9. Accordingly, the plaintiff is cautioned that, if Dr. Ivens, Dr. Castro, or RN Cunningham are called as treating-physician experts, the plaintiff may introduce only the non-retained experts' opinions "based on the [expert's] personal knowledge of the examination and treatment of the [decedent]." *United States v. Williams*, No. 3:17-CV-02262-C, 2020 WL 10320725, at *3 (N.D. Tex. Mar. 23, 2020) (Cummings, J.) (quoting *Lee v. Valdez*, No. 3:07-CV-1298-D, 2008 WL 4287730, at *3 (N.D. Tex. Sept. 18,

2008)). In other words, the plaintiff may not introduce expert testimony from these witnesses "based on information learned outside the course of treatment." *Id.* (citing *Martin v. Geico Gen. Ins. Co.*, No. 3:01-CV-0572-BC, 2002 WL 34370891 (N.D. Tex. Apr. 15, 2002)). The plaintiff is ordered to provide to CoreCivic the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(C)—regarding the expected treating-physician testimony of Dr. Ivens, Dr. Castro, and RN Cunningham—no later than September 13, 2024.

CoreCivic's motion to strike (Dkt. No. 132) is denied as to CoreCivic's request to strike the plaintiff's experts' untimely affidavits. The Court is aware that, under the current schedule, CoreCivic's ability to prepare its defense could be prejudiced by permitting introduction of the testimony disclosed in the plaintiff's experts' untimely affidavits. However, the Court has determined that the following measures will cure the prejudice:

(1) The Court intends to order a brief extension of the remaining deadlines in the case, including a continuance of the trial date. An order continuing the remaining trial and pre-trial deadlines will issue in the near future.

(2) CoreCivic may depose Dr. Baker and Dr. Mills regarding the opinions expressed in their respective expert affidavits. Each deposition, if taken, is limited to four hours. Each deposition, if taken, must occur no later than September 20, 2024.

(3) CoreCivic may serve rebuttal expert reports to the plaintiff's experts' affidavits no later than September 20, 2024.

CoreCivic's *Daubert* motions (Dkt. Nos. 117; 118) are granted in part and denied in part. Dr. Baker is qualified to testify regarding the opinions expressed in her report and affidavit, except that Dr. Baker is not qualified to offer the opinion that CoreCivic should have transferred the decedent to a different detention facility. Dr. Mills is qualified to testify

regarding the opinions expressed in his report and affidavit, except that Dr. Mills is not qualified (i) to offer opinions on the treatment of, or standard of care for, hemophilia, or (ii) to offer the opinion that CoreCivic should have transferred the decedent to a different detention facility. The Court will exclude the opinions in the plaintiff's experts' reports and affidavits on which the plaintiff's experts are unqualified to opine.

With those limitations on the plaintiff's experts' qualifications—and corresponding limitations on the plaintiff's experts' admissible opinions—the Court determines that the opinions set forth in Dr. Baker's and Dr. Mills's expert reports and affidavits are reliable and relevant. The *Daubert* motions are therefore partially granted only with respect to the plaintiff's experts' qualifications, as set forth above, and are denied in all other respects.

CoreCivic's motion for summary judgment (Dkt. No. 114) is granted in part and denied in part. The motion for summary judgment on the survival claim as it relates to the conduct of Officer Spurgin is granted. Summary judgment is otherwise denied on the remaining wrongful death and survival claims, which will proceed against CoreCivic under a theory of respondeat superior. Summary judgment is granted on the negligent hiring, training, monitoring, and supervision claims. Summary judgment on the gross negligence claim is denied as it relates to the conduct of Dr. Castro acting as a vice principal of CoreCivic but is otherwise granted.

The Court issues this Order to provide notice to the parties so that the parties may plan for trial accordingly. A memorandum opinion and order explaining the Court's decisions as set forth herein, along with an order continuing the remaining trial and pre-trial deadlines, will issue in the near future. The remaining pre-trial deadlines in the Court's

current scheduling order (Dkt. No. 87) will be held in abeyance pending issuance of an order continuing the pre-trial and trial dates.

So ordered on August 27, 2024.

                                                                                       _____
                                                                                       JAMES WESLEY HENDRIX
                                                                                       UNITED STATES DISTRICT JUDGE