UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

MICHAEL OLAGUE, as dependent
administrator of the estate of Arturo
Martinez Olague,

     Plaintiff,

v.

CORECIVIC, INC.,

     Defendant.

No. 6:22-CV-070-H

## ORDER

This case is set for trial on the Court's three-week docket beginning on October 15, 2024. Dkt. No. 87. For the reasons explained in the Court's order on CoreCivic's motion to strike, *Daubert* motions, and motion for summary judgment (Dkt. No. 143), which will be explained further in a forthcoming memorandum opinion and order, the deadlines in the Court's original scheduling order (Dkt. No. 29) and previous orders modifying deadlines (Dkt. Nos. 73; 87; 136) are amended as set forth below. All other deadlines not set forth below remain in effect.

## I.    Summary of Critical Deadlines and Dates

| Item | Current Deadline | New Deadline |
|---|---|---|
| Pretrial Disclosures and Objections; Pretrial Order; Witness Lists; and Exhibit Lists and Deposition-Testimony Designations | September 23, 2024 | January 6, 2025 |
| Exchange of Exhibits; Jury Charge; Voir Dire Questions; and Motions in Limine | September 30, 2024 | January 13, 2025 |
| Responses to Motions in Limine and Trial Briefs | October 7, 2024 | January 21, 2025 |
| Pretrial Conference | To be set if necessary | To be set if necessary |

| Trial Date | October 15, 2024 at 9:00 a.m. in the United States District Court, Courtroom 216, 33 East Twohig Ave., San Angelo, Texas | January 27, 2025 at 9:00 a.m. in the United States District Court, Courtroom 216, 33 East Twohig Ave., San Angelo, Texas |
|---|---|---|

## II.    Pretrial Materials Instructions

A.    **Pretrial Disclosures and Objections:**  Unless otherwise directed by order, the parties must make the disclosures required by Rule 26(a)(3)(A) by January 6, 2025.  With respect to the identification of witnesses who will be called by deposition, the parties must also identify the portions of the deposition transcript they intend to use.  Within 7 days thereafter, a party must serve and file a list disclosing any objections, together with the grounds therefor, to (a) the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); and (b) the admissibility of materials identified under Rule 26(a)(3)(A)(iii).  Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless the Court excuses the failure to disclose for good cause.  Other than exhibits on file with the Court, the objecting party must attach the materials at issue to the objections.  Counsel, or the party if not represented by counsel, must confer about exhibits and deposition designations and make reasonable efforts to agree on admissibility prior to the pretrial order and pretrial conference, at which time the Court will rule on the admissibility of the exhibits.

B.    **Pretrial Materials:**

1. **Pretrial Order:**  A joint pretrial order shall be submitted by the plaintiff's attorney by January 6, 2025.  The pretrial order shall address each of the matters listed in Local Rule 16.4 and state the estimated length of trial.  If an attorney for either party does not participate in the preparation of the joint pretrial order, the opposing attorney shall submit a separate pretrial order with an explanation of why a joint order was not submitted (so that the Court

can impose sanctions, if appropriate). Each party may present its version of any disputed matter in the joint pretrial order; therefore, failure to agree upon content or language is not an excuse for submitting separate pretrial orders. When the joint pretrial order is approved by the Court, it will control all subsequent proceedings in this case. The proposed pretrial order must be transmitted to the electronic address used for receipt of proposed orders (Hendrix_Orders@txnd.uscourts.gov).

2. **Witness List:** Each party must file a list of witnesses who may be called by each party in its case in chief by January 6, 2025. Each witness list shall contain a brief narrative summary of the testimony to be elicited from each witness, state whether the witness has been deposed, and note whether the witness's testimony at trial is probable, possible, expert, or record custodian. If a witness's deposition will be used in lieu of live testimony, the proffering party must also specifically state why that witness is "unavailable" as defined by Federal Rule of Civil Procedure 32(a)(4). If any witness needs an interpreter, please note this on the witness list and arrange for an interpreter to be present at trial.

3. **Exhibit List and Deposition-Testimony Designations:** A list of exhibits, including demonstrative exhibits, and a designation of portions of depositions to be offered at trial shall be filed by each party by January 6, 2025. The list of exhibits shall describe with specificity the documents or things in numbered sequence. The documents or things to be offered as exhibits shall be numbered by attachment of labels to correspond with the sequence on the exhibit list and identify the party submitting the exhibit.

Each party's exhibit list shall be accompanied by a written statement, signed by counsel for each party, and state that, as to each exhibit shown on the list, either (i) the parties agree to the exhibit's admissibility; or (ii) the admissibility of the exhibit is disputed, identifying the nature and legal basis of any objection and the name of the objecting party or parties. All parties shall cooperate in causing such statements to be prepared in a timely manner for filing with the exhibit lists. The Court may exclude any exhibit offered at trial if such a statement regarding the exhibit has not been filed timely. In addition, objections not identified in the statement may be waived. A list of each party's exhibits to which no objection will be lodged (preadmitted) must be submitted at the pretrial conference. The Court expects the parties to confer and agree to admit the majority of their exhibits prior to trial.

Unless both parties agree to an electronic exchange of exhibits, counsel for each party intending to offer exhibits shall deliver a set of marked exhibits with opposing counsel at least 14 days before trial. Regardless of whether the parties have agreed to electronic exchange, counsel for all parties shall deliver two sets of marked exhibits to the San Angelo Division's Clerk's Office, marked to the attention of Judge Hendrix's chambers. Exhibits are to be

– 3 –

placed in three-ring binders, the front of the binder is to be labeled with the style of case, case number, name of the filing party, and volume number, and the spine of each binder should be labeled with the appropriate exhibit numbers and/or range of exhibit numbers. The parties should make sure that the size of the exhibit binders is not overly cumbersome for the Court to utilize on the bench.

The parties shall coordinate with each other to deliver to the Court one set of deposition designations in the form of highlighted transcripts placed in three-ring binders. The front of each binder is to be labeled with the style of case, case number, name of the filing party, and volume number, and the spine of each binder should be labeled with the depositions contained therein. Deposition designations to which neither side objects shall be highlighted in green. The plaintiff shall use yellow highlighting for his designations to which the defendant objects, and the defendant shall use blue highlighting for its designations to which the plaintiff objects. So that the copies are not overly cumbersome, the parties shall use condensed transcripts and shall print on both sides of the page. Electronic copies of the highlighted transcripts in .pdf form shall be emailed to Chambers.

4. **Jury Charge:** The parties shall file a joint proposed jury charge and verdict form, agreed to by all parties to the maximum extent possible, no later than January 13, 2025. The parties shall simultaneously email the agreed proposed jury charge and verdict form in Word format to the Court at Hendrix_Orders@txnd.uscourts.gov. Counsel for plaintiff is responsible for typing, collating, and otherwise preparing, filing, and serving the final document, but, if no plaintiff is represented by counsel, counsel for defendant must assume this responsibility. All proposed jury instructions and questions must be accompanied by citation to statutory or case-law authority and/or pattern instructions, and the Court advises the parties to rely, wherever possible, on U.S. Supreme Court and/or Fifth Circuit authority and pattern instructions or relevant state-law authority and pattern instructions.

The Court expects the parties to engage—in person, by telephone, or via video teleconference—in meaningful discussions to reach agreement on each portion of the proposed jury charge and verdict form. When a disagreement persists, those portions of the joint proposed jury charge that are proposed by any plaintiff, but objected to by any defendant, must be underlined. Those portions of the jury instructions or questions that are proposed by any defendant, but objected to by any plaintiff, must be in boldface. Competing versions of instructions or questions on the same topic must appear sequentially in the joint proposed jury charge and verdict form, with a plaintiff's version listed first and a defendant's version listed second. To the extent that the joint proposed jury charge and verdict form includes any disputed portions, each party must also file a brief in support of its legal

positions regarding the disputed portions of the joint proposed jury charge and verdict form.

If supplemental jury instructions or questions become necessary due to the nature of the evidence presented at trial, any proposed supplemental instructions or questions must be filed with the Clerk of Court as soon as reasonably possible and simultaneously emailed in Word format to the Court at Hendrix_Orders@txnd.uscourts.gov.

5. **Voir Dire:** The parties must submit proposed voir dire questions, if any, by January 13, 2025. The Court will conduct the principal voir dire, and, unless the parties are otherwise notified, the Court will permit one attorney per side to ask follow-up questions, usually subject to a 20-minute time limit. The Court does not routinely use jury questionnaires or surveys, but the Court will consider requests for the issuance of a jury questionnaire if all parties agree on the proposed questions for the Court to include and the proposed questions are submitted to the Court no later than January 13, 2025.

6. **Motions in Limine:** Motions in limine should not be filed as a matter of course. If filed, counsel must file them with the Court and serve them on the opposing party by January 13, 2025. Responses must be filed with the Court and served on the opposing party by January 21, 2025. Replies to responses are not permitted except by leave of court in extraordinary circumstances. Motions in limine must be limited to matters that meet the following requirements: (1) the matter cannot adequately be raised by an objection at trial without prejudicing the moving party, and (2) the prejudice of mentioning the matter in the jury's presence cannot be cured by an instruction from the Court. Motions in limine must include neither "standard" requests not tailored to a case-specific matter nor issues presented in an effort to obtain substantive rulings that should have been requested in advance of trial by appropriate motion.

7. **Trial Briefs:** Absent a specific order by the Court, trial briefs are not required but are welcomed. Any trial brief should be filed by January 21, 2025, and should rely on U.S. Supreme Court and Fifth Circuit authority or relevant state-law authority to address issues the parties anticipate will arise at trial. In any trial, the Court also welcomes short trial briefs filed by the parties during trial to address any unanticipated issues that arise.

If trial is to the Court (in whole or in part), each party must, no later than January 13, 2025, file and serve a trial brief, not to exceed 30 pages (excluding any table of contents and table of authorities), describing the legal and factual bases for any claim, defense, or issue on which the party has the burden of persuasion. No later than January 21, 2025, any opposing party must file and serve a trial brief, not to exceed 30 pages (excluding any table of contents and table of authorities), responding to the trial briefs filed by its opposing parties

on any claim, defense, or issue on which the burden of persuasion lies with any of its opposing parties. Each trial brief shall be accompanied by that party's proposed findings of fact and conclusions of law.

## III.    Duration of Trial

Jury selection will begin on January 27, 2025. Each side will have 10 hours to present and contest evidence. Voir dire, opening statements, and closing arguments are excluded from this time limit. Time used for objections is charged to party that loses the objection. The Court expects that evidence will close no later than January 31, 2025.

So ordered on September __4__, 2024.

_____

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

– 6 –